## No. 6414.

L. C. ROUDANEZ ET AL. VS. THE MAYOR AND ADMINISTRATORS OF THE CITY OF NEW ORLEANS. NEW ORLEANS AND PACIFIC RAILROAD COMPANY, INTERVENORS.

An injunction will not issue, at the instance of the taxpayers of a municipal corporation, to prevent the officers of that corporation from holding an election, under the authority of a legislative act, to enable the citizens of the corporation to vote to levy, or not levy, a certain tax on themselves. The action is premature. No right of the plaintiffs is, as yet, invaded, and the danger they seek to shun is too remote, and contingent, to warrant the issuance of an injunction.

APPEAL from the Superior District Court, parish of Orleans. *Lynch,* J.

*B. R. Forman, J. B. Eustis,* and *H. N. Ogden,* for plaintiffs and appellants.

*Kennard, Howe & Prentiss,* for intervenors.

*Samuel P. Blanc,* Assistant City Attorney, for defendants.

The opinion of the court was delivered by

SPENCER, J.   The plaintiffs, Roudanez and forty-two other citizens and property holders of New Orleans, bring this suit.   They allege in substance that each and every one of them owns real and personal property in said city liable to taxation.   That the General Assembly, by act No. 20 of 1876, authorized and required the Mayor and Administrators of New Orleans to hold a popular election, to decide whether or not a tax of one-half of one per cent on all taxable property in New Orleans should be collected annually for four years, for the use and benefit of the said Pacific Railroad Company.   That said act and the tax proposed therein are violative of the fifth and fourteenth amendments of the constitution of the United States, and of various articles of the constitution of Louisiana.   That the Mayor and Administrators are about to execute or attempt to execute its provisions against your petitioners and other inhabitants of New Orleans, to their great wrong and injury, etc.

272          SUPREME COURT OF LOUISIANA,

Roudanez vs. the Mayor and Administrators of the City of New Orleans.

Wherefore, they pray for an injunction restraining said officials from in any manner attempting to carry into effect the said act No. 20.

The injunction was granted.

The Pacific Railroad Company intervened, and moved to dissolve the injunction on the face of the papers, and as being prematurely and improvidently sued out.

The court below sustained this motion, dissolved the injunction, and plaintiffs prosecute this appeal.

The case has been ably and exhaustively argued before us, both as to the question of prematurity and as to its merits. But as these are matters of fact alleged in the petition, which for the purposes of the motion only are taken as true, we do not see how we can do more than pass upon the motion and the ruling of the court thereon. If we sustain it, that ends the case. If we overrule it, the case will have to be remanded to be tried on the questions of law and fact involved.

The question therefore presented for our decision is, can the plaintiffs, citizens and taxpayers of New Orleans, alleging that the defendants, the Mayor and Administrators of the city, are about to hold an election to decide upon the levying of a tax under act 20 of 1876, and that that act is unconstitutional, and that any tax levied by virtue thereof will be illegal and void, restrain and enjoin them from so proceeding?

It is not pretended that any tax has been levied or is demanded of the plaintiffs. Nor is it even asserted that such tax will be levied, but only that it may be the result of the proposed election.

We think that the danger apprehended is too remote and too contingent to form the basis of a proceeding in court to avert it.

Courts of justice have enough to do in dealing with real, existing, and present wrongs, without anticipating and combating hypothetical evils of the future that may or may not arise. It will be time enough for the plaintiffs to complain when their rights are actually invaded, or when danger to their persons or property is imminent and impending. There are too many contingencies at present between them and danger to justify them in resorting to law. Act No. 20 may yet be repealed, or the tax proposed may be voted down, or plaintiffs may cease to be taxpayers, or the railroad corporation may cease to exist, or forfeit its charter.

It seems to us that the plaintiffs have set up, and now ask us to protect them against, a mere possible adversary, which at present is without substance or power to harm them.

Even if it be conceded that the levy of the tax contemplated by said act would be unconstitutional (upon which we of course express no opinion), we do not see that that fact would render *the holding of the election* unconstitutional. If the tax would be unconstitutional, it is fair

NEW ORLEANS, APRIL, 1877.                          273

Roudanez vs. the Mayor and Administrators of the City of New Orleans.

to presume that a law-abiding people would vote it down. We know no provision of the constitution which forbids the Legislature from ordering an election to take the sense of the people upon any question which it may deem important. If private individuals were thus allowed to interfere with and embarrass the government, its most ordinary functions could be completely stopped by persons claiming to champion and protect the rights of the public. Thus, if the Legislature should in its wisdom direct that a vote of the people be taken upon a proposed constitutional amendment, or upon the calling of a State convention, or upon any other matter, one or more individuals, alleging that the expenses of such election would increase the State debt, or necessitate a State tax beyond the constitutional limits, could enjoin the holding of such election, and in fact paralyze the government in its every step. While this court will always be found to favor the largest liberty of the citizen asserting his individual rights, and ready at all times to lend its aid for his protection, we can not give our sanction to a doctrine which we think destructive of all government, and which would fill our courts with litigations based upon mere theories and hypotheses, and not upon actual grievances.

If the city of New Orleans should, by vote or otherwise, seek to extort from the plaintiffs illegal or unconstitutional taxes, whether to pay for election or other purposes, they will have ample opportunity to protect themselves through the courts. But "sufficient unto the day is the evil thereof."

We can not better express and conclude our views upon this subject than by quoting the language of that eminent jurist, Mr. Justice Cooley, in Miller vs. Grandy, 13 Michigan, 548.

"An individual has no right as a taxpayer, either in his own name or on behalf of himself and the other taxpayers, to file a bill to enjoin proceedings in advance of the actual levy of a tax. He can not seek redress until his own tax can be ascertained, and he can not then proceed in equity, except to protect his individual interest from injuries not remedial otherwise.      *      *      *      *      *      *      *

"Without undertaking to go into any elaborate discussion of all the questions which might arise, we feel confident that no case can be found which recognizes any propriety in enjoining the *preliminary proceedings in advance of the actual levy of a tax* on either personalty or realty. Apart from the palpable difficulty of determining in advance *whether the complainant will be in a condition to be injured when the tax is assessed*, it is always to be remembered that, under our system, taxes must be provided for at regular times, and by annual and somewhat rapid proceedings.      *      *      *      *      *      *      *      *

"No court could ever be justified in such an interference with the
18

274        SUPREME COURT OF LOUISIANA,

Roudanez vs. the Mayor and Administrators of the City of New Orleans.

necessary course of government. After a tax has been assessed and becomes collectible, each man's share becomes severable from the rest, and delaying its payment will not necessarily operate upon his neighbors. These principles are familiar, and rest on good sense and sound policy."

It is therefore ordered, adjudged, and decreed that the judgment appealed from be affirmed, with costs of both courts.