BREAUX, C. J.
Plaintiff, the town of Ponchatoula, attempted by injunction to enjoin and restrain the police jury from promulgating the returns of an election in the *1041 Seventh Ward, held on the 19th day of December, 1907, in accordance with the law authorizing local option elections to be held to decide for or against prohibition.
The petition for ■ injunction attacks the election on a number of grounds: Substantially for the reason that no election was held; that there is in consequence no contest in matter of an election; that the police jury was without authority to promulgate the result of an election that was void.
As relates to damages, plaintiff in injunction urged that the proceedings would occasion irreparable damages to the town, because it would curtail its revenues, growing out of the fact that it (the town) would be prevented from issuing licenses in the sum of at least $3,000.
The defense, represented by the district attorney, resorted to a rule on which an order was obtained by defendant on plaintiff to show cause why the injunction sued out by plaintiff should not be dissolved on the ground that the court is without jurisdiction or authority to interfere in local option elections, and in the alternative the defendant alleged that the police jury is directly authorized and required to act; that plaintiff’s act is premature, without right or cause of action, as neither can be affected by the canvass of the votes cast at the election complained óf; and, further, that plaintiff’s right could not in the least be affected by the canvass of the votes cast and by proclamation of the result of such election; still further, that the court is without power to annul and avoid in advance, ■by an ex parte order, the right of the people to hold an election and the right of the police jury to promulgate the result.
Plaintiff in the injunction alleged that it was pretended and is pretended (by whom it is not alleged) that an election was held, and that it was pretended and is pretended that there was an ordinance ordering the election, and further pretended that all the formalities required by law for the calling and holding of the election were complied with.
Plaintiff, after having made these allegations, not specifically directed against any one, avers that all the proceedings were null,, and that there were fatal irregularities in the-election, rendering it absolutely void.
Void as it may be, plaintiff seeks to arrest the proceedings and to prevent the promulgation of the result by the police jury.
The allegations are such that, if we were to assume jurisdiction at this time and on-the admissions made for the hearing of the question, it would result inevitably in our deciding that no election was held; for no election as illegal as alleged can be maintained.
These allegations may not all be well" founded. It is generally held, if it appears, on an exception of no cause of action that there may be more in the case than the exception puts at issue, then it shall be referred to the merits, in order that all the issues may be brought up and fully determined. If it does not appear that the court has jurisdiction, it is time enough to dismiss the-action.
If the ground of exception of want of jurisdiction were the only ground before the-court, it would not be passed upon at this-time, in the present condition of the issues, but the cause would be remanded, in order to. admit testimony to find out what issues, if any, are properly within the jurisdiction of' the court. If it appeared that there was no election held, or that whatever was done was an absolute nullity, the court would certainly have jurisdiction to so declare.
We have seen that the plaintiff, in one of' the allegations, sets up that there was no election held. We will not remand a case if' the action is premature.
An action prematurely brought cannot very-well be remanded. The decision that it is; premature disposes of it. It must be dismissed, and bide- its time, until it is no longer *1043 subject to tbe action of prematurity, if it ever reaches that point.
We feel justified in. passing upon the plea of prematurity. As to that plea the real issue before us is: Can an action be maintained to enjoin election proceedings before the result of the election has been proclaimed?
We have no reason to answer otherwise than in the negative. The following are our reasons:
There is no allegation in plaintiff’s petition of probable unfairness in the police jury in promulgating the returns. That body is intrusted with that duty. It is vested with some discretion, and an election should not be interfered with before it has passed upon those questions which arise in compiling the votes and determining the result of the election.
If the election be as void, as the petitioner for the injunction alleges, there is no reasonable ground to apprehend that that body will attempt to give it effect. In any event, it will be time enough, when the result will have been announced and the proclamation made, to enjoin. Just now the apprehension of unfavorable action is too remote. It may even be that the police jury may arrive at the conclusion to proclaim the result. as favorable to petitioner, or it may conclude to annul the election. In either case the appellant would have no cause for an injunction.
As relates to licenses and the amount: It is not shown that the license holders will be affected, although the town alleges that there is some danger of losing the amount alleged as having been paid by those who have taken out licenses. Why there is such danger is not explained. But, even if there is danger, obtaining the injunction must be deferred until the returns are promulgated; for until then it is only a mere apprehension. In other words, the apprehension does not seem to be serious before that stage in the election. Besides, the police jury had issued an ordinance to hold the election. It complied with the statute to that extent. Injunction should not issue to prevent enforcing the ordinance before it has taken such shape as to enable the police jury to proclaim the result; and it is only then that it can be determined if anybody has been hurt or will be probably damaged.
In Railway Company v. Meyers, 39 La. Ann. 127, 1 South. 434, the court declined to issue an injunction to prevent the mayor from signing an ordinance. The court held that there was no reason for assuming that the mayor would sign it, and that he would commit the irregularity or illegality alleged by the applicant for injunction.
There must be injury, an actual impairment of a right, or something of such a serious character to render it reasonably apparent that a right will be impaired.
Here the act stated may never materialize in actual wrong.
Plaintiff for the injunction will have to defer action until further developments will show that the right invoked is impaired, and then jurisdiction will be assumed to the extent authorized by statute. State ex rel. Oil Mills Co. v. Judge of Civil District Court, 50 La. Ann. 266, 23 South. 839; Code of Practice, art. 296.
Decision regarding jurisdiction is deferred, to be considered on the merits in another suit, if the case reaches that point. The plea of prematurity is maintained.
For reasons assigned, the judgment is affirmed.