**44 So.2d 107**

## BARDWELL et al. v. PARISH COUNCIL OF PARISH OF EAST BATON ROUGE.

### No. 39710.

Dec. 30, 1949.

Sanders R. Cazedessus, Emile N. Weber, Victor A. Sachse, Baton Rouge, for defendants and intervenors-appellants.

Fred G. Benton, George Mathews, Edward Donald Moseley, Albritton, Ware, Litton & West, Watson, Blanche, Fridge, Wilson & Posner, Brumfield, Hebert & Rush, Daggett & Daggett, Sanders, Miller, Downing & Rubin, Jess Johnson, Byron Kantrow, Roland Kizer, J. Burton LeBlanc, Jr., Clint Pierson, A. J. Spedale, Baton Rouge, for plaintiffs and appellees.

McCALEB, Justice.

Acting under authority of section 3(a) of Article 14 of the Constitution (added by Act. No. 389 of 1946 which was approved on November 5, 1946), the people of the Parish of East Baton Rouge adopted a plan of government proposed by a "City-Parish Charter Commission" created under the constitutional amendment. The validity of this "plan of government" was sustanied by this court in State v. City of Baton Rouge, 215 La. 315, 40 So.2d 477.

The constitutional amendment, Section 3(a) of Article 14, in providing for the creation of a new government, declares, among other things, that "(4) The plan of government shall be subject to amendment by election of the people as provided therein" and, in conformity, the charter subsquently adopted provided in Section 11.09 thereof that:·

"Amendments of this plan of government may be proposed by majority vote of all

the members elected to the parish council or by a petition containing the full text of the proposed amendments signed by qualified voters of East Baton Rouge Parish in number equal to ten per cent of the number of votes cast for sheriff at the last preceding election of parish officers and filed in the office of the parish clerk. A proposed amendment shall be submitted by the parish council to the qualified voters of the parish at a special election to be called and held by the parish council not less than sixty or more than ninety days after the passage of the amendment by the parish council or the filing of the petition; * * *"

On October 19, 1949, a petition was filed by 212 qualified voters, allegedly more than ten percent in number of the votes cast for sheriff in the last preceding election, to amend the plan of government in numerous particulars. Upon receipt, the council referred the petition to the parish attorney for study, opinion and comment and, subsequently, the latter reported that the proposed amendments would, if adopted, be illegal and unconstitutional for divers reasons. After considering this opinion, the parish council, believing that it was bound to call an election by the mandatory provisions of Section 11.09 of the plan of government, formally declared its intent to do so and instructed the parish attorney to prepare the necessary resolution. Simultanously, however, it publicly declared that it had been advised of the illegality and unconstitutionality of the proposed amendments; that it was reluctant to see the people subjected to the cost and trouble of a useless election and that the responsibility must fall upon the leaders proposing the changes. The parish attorney prepared the resolution, calling the election for January 17, 1950, but, on the eve of the meeting at which it would have been adopted, the council was restrained by order of the district court which had been issued on the application of plaintiffs herein, 27 in number, residents and taxpayers of East Baton Rouge Parish, petitioning to enjoin the calling and holding of an election upon the proposed amendments on the ground that they were illegal and unconstitutional. Plaintiffs also sought, in the alternative, a declaratory judgment stating the illegality and unconstitutionality of the proposed amendments.

The parish council resisted plaintiffs' demand by interposing various exceptions, in which were included a jurisdictional plea, exceptions of prematurity and no right or cause of action. And, before the trial, certain other interested citizens and taxpayers filed an intervention joining the parish council in opposition to plaintiffs' demands. These intervenors, alleging that their presence in the suit was necessary in order that the court might have a proper presentation of the issues,[1] adopted sub-

---

1. This allegation was founded on statements, released by the parish attorney to the press, that the council would offer merely a token resistance to the suit.

stantially the same grounds of defense advanced by the parish council.

After hearing the matter, the court overruled all exceptions, save the exception of no right or cause of action which was sustained only insofar as plaintiffs' alternative prayer for a declaratory judgment was concerned. And, on the merits, the judge found, for reasons orally assigned, that the proposed amendments would, if adopted, be invalid · and unconstitutional. Accordingly, he permanently enjoined the parish council from calling or holding "any election whatever upon the proposed amendments on January 17, 1950, or upon any other date." The council and the intervenors have appealed from the decision.

· Immediately after the appeal was lodged here, the interested parties filed a joint motion for submission of the case on briefs as provided by Section 8 of Rule IX and request has been made for an early decision. In this connection, we note that, whereas the parish council is appealing, the brief of the parish attorney demonstrates that the council is acquiescing in the judgment below and, in truth, seeks an affirmance. On the other hand, the intervenors vigorously protest and, for purposes of our discussion, they must be considered as the real parties appellant.

An examination of the pleadings reveals that, perhaps, the most serious matter presented for decision is the plea that the court is without jurisdiction to grant an injunction in a matter such as this. This jurisdictional plea is grounded on the same predicate as the exception of prematurity but probably the latter is the more appropriate term, as it is based upon the theory that an action for an injunction is not cognizable in equity unless there is a showing of present or imminent irreparable injury. If this plea is well founded, it ends the case inasmuch as the alternative demand for a declaratory judgment was dismissed and plaintiffs have neither appealed nor answered the appeals taken herein. See Succession of Babin, 213 La. 950, 35 So. 864; Westwego Canal & Terminal Co. v. Louisiana Highway Comm., 189 La. 870, 181 So. 429; Betz v. Riviere, 211 La. 43, 29 So.2d 465.

In determining whether the plea of prematurity or lack of equity jurisdiction is well taken, two established principles must be considered. They are the general rule that equity will not interfere with a municipal body in the exercise of powers of a legislative character, see Harrison et al. v. City of New Orleans, 33 La. Ann. 222, 39 Am.Rep. 272; State ex rel. Behan et al. v. Judges, 35 La.Ann. 1075; New Orleans Elevator Ry. Co. v. Mayor, etc., of New Orleans, 39 La.Ann. 127, 1 So. 434; Connell v. Commission Council, 153 La. 788, 96 So. 657; Wachsen v. Commission Council, 162 La. 823, 111 So. 177 and Durrett Hardware & Furniture Co. v. City of Monroe, 199 La. 329, 5 So.2d 911, 140 A.L.R. 433 and the doctrine that an injunction will not issue to prevent the hold-

ing of an election (see 32 Corpus Juris, Section 401, 402; 43 C.J.S., Injunctions, § 115; Roudanez v. Mayor, etc. of New Orleans, 29 La.Ann. 271; Town of Ponchatoula v. Police Jury, 120 La. 1040, 46 So. 16 and Dubuisson v. Board of Sup'rs of Election, 123 La. 443, 49 So. 15; Compare Roy v. Board of Supervisors of Elections, 198 La. 489, 3 So.2d 747.

█ The above stated rules are not without exception. If the threatened action of a municipal council is in direct violation of a prohibitory law, equity will enjoin, even though no irreparable injury is shown, see Connell v. Commission Council and Wachsen v. Commission Council, supra, but this is the only instance that judicial intervention has been permitted in this State. See Durrett Hardware & Furniture Co. v. City of Monroe, supra. And, in cases involving the calling and holding of an election under certain conditions, a court of equity will restrain those ordering the election where the preliminary conditions necessary for the election call have not been fulfilled and the municipal body has either called or is threatening to call the election. See McQuillin on "Municipal Corporations" (3rd Ed.) Vol. V, Section 16.68 and cases cited in support of the text.

██ It is apparent that the rule that a court of equity will not enjoin a municipality from passing an ordinance is inapplicable in the instant matter as plaintiffs are not seeking to restrain the parish council from legislating but are attempting to

have the court restrain that body from performing its administrative duty in calling and holding an election to amend the parish-city charter on the ground that the proposed amendments are illegal and unconstitutional. Plaintiffs do not claim that any of the preliminary steps and conditions, i. e., requisite number of signatures of voters, etc. have not been complied with by the parties petitioning for submission of the initiative and referendum measure but only that the amendments, if passed, would be illegal and unconstitutional. In these circumstances it is plain that the general rule (that injunction will not be granted to prevent the holding of an election) obtains and plaintiffs' suit must be dismissed as premature.

In fact, the situation here presents an exact parallel with that in Roudanez v. Mayor, etc. of New Orleans, supra. That was a suit by a number of citizens and property holders of New Orleans in which they sought to enjoin the Mayor and administrators from holding a popular election, authorized and required by Act No. 20 of 1876, to decide whether or not a tax of one-half of one percent should be collected annually for four years for the use and benefit of the Pacific Railroad Company. The grounds on which plaintiffs demanded relief were that the legislative act and the tax proposed therein were violative of the State and Federal constitutions. An injunction was granted by the lower court but, thereafter, the Pacific Railroad inter-

vened and moved to dissolve it as being prematurely and improvidently sued out. The court sustained the motion and dissolved the injunction. The plaintiffs appealed. In affirming the judgment holding the action premature, the court stated that the danger apprehended by the plaintiffs was too remote and contingent to form the basis of a proceeding to avert it and that

"* * * It will be time enough for the plaintiffs to complain when their rights are actually invaded, or when danger to their persons or property is imminent and impending. There are too many contingencies at present between them and danger to justify them in resorting to law. Act No. 20 may yet be repealed or the tax proposed may be voted down, or plaintiffs may cease to be taxpayers, or the railroad corporation may cease to exist, or forfeit its charter.

"It seems to us that the plaintiffs have set up, and now ask us to protect them against, a mere possible adversary, which at present is without substance or power to harm them.

"Even if it be conceded that the levy of the tax contemplated by said act would be unconstitutional (upon which we of course express no opinion), we do not see that that fact would render *the holding of the election unconstitutional* * * *." (Italics by the Court)

To the same effect is Dubuisson v. Board of Supervisors of Election, supra. There,

plaintiffs, residents and taxpayers of the Parish of St. Landry, sought to enjoin the holding of an election under Act No. 53 of 1908, which was an act to create the Parish of Evangeline, on the ground that the statute was unconstitutional. Certain other taxpayers intervened in the suit and opposed the injunction, pleading that the court was without jurisdiction to entertain an action of that character and that the proceedings were premature. The injunction was granted and, upon the judge's refusal to dissolve it, the intervenors applied for and secured writs of certiorari and prohibition. After a hearing in this court, it was held that the plea of the intervenors should have been sustained and the suit was dismissed as premature. In support of the conclusion, the court stated that the matter was governed by the doctrine of the Roudanez and Town of Ponchatoula v. Police Jury, 120 La. 1040, 46 So. 16, cases and High on "Injunctions" (4th Ed.) Vol. 2, Section 1286. The court further observed that, while it cannot be doubted that the courts have jurisdiction to declare legislative acts unconstitutional [123 La. 443, 49 So. 17],

"In the case at bar, however, we are not dealing with a statute which has, proprio vigore, the force and effect of law, but with a legislative proposition which has been referred to the people for their final ratification. The proposition may be voted down by the people, and may never become a law susceptible of enforcement."

In defending the action of the trial court [2] in overruling the plea of prematurity, the parish attorney proceeds on the theory that, since the parish council is performing purely a ministerial duty in calling the election, an injunction to restrain it from doing so will lie—because the doctrine that equity will not interfere with proposed action of a municipal council is limited in its scope to matters where the council is attempting to legislate. In arguing thus, it is, of course, manifest that the parish attorney must perforce overlook and, indeed, ignore the equally well-settled rule, and the cases above cited in support of it, that an injunction will not lie to restrain a public body from performing its ministerial duty in submitting an initiative or referendum measure.

■ But, even if the rule depended on could be said to be pertinent, the argument advanced by the parish attorney could not be sustained. This is because the rule that a court of equity will not interfere with proposed acts of legislation by a municipal council is, a fortiori, applicable to initiative and referendum elections for, in those elections, it is the people themselves who legislate. It can hardly be gainsaid that, when an initiative or referendum measure is submitted under a legislative act or provisions of a municipal charter, a favorable vote by the people is not legislation. In truth, it is direct legislation, a power reserved to the people in contrast to a right granted to them. See McQuillin, "Municipal Corporations" (3rd Ed.) Vol. V, Section 16.49, pages 242–244.

Thus, it is clear that equity will not intervene in cases such as this to restrain submission where the threatened injury to claimants is not irreparable but obviously remote. Conversely, it is to be noted that a different rule has been recognized by some courts, including this one, in cases where a municipal council has refused to submit the initiative or referendum measure to the people and electors have sought to mandamus the body to compel a compliance with its ministerial duty. In such instances, it has been held that the writ will be denied if it is shown that the ordinance, if adopted, would be illegal or unconstitutional. See State ex rel. Bussie v.

2. In ruling that the plea of prematurity is not well founded, the trial judge followed a statement contained in American Jurisprudence, Vol. 28, Section 36, Verbo "Initiative, Referendum and Recall", based on language used in Gray v. Winthrop, 115 Fla. 721, 156 So. 270, 94 A.L.R. 804, that the majority view is that, where the voters are submitted any proposition which, if passed, would clearly and palpably violate either the Federal or State Constitution, equity may intervene and restrain the submission. It is to be doubted that the statement of the text of American Jurisprudence represents the majority view. (See contra, McQuillin "Municipal Corporations (3rd Ed.) Vol. V, Sec. 16.69 and cases there cited). In any event, the view is directly contrary to the jurisprudence of this state as set forth in the opinions in Roudanez v. Mayor, etc. of New Orleans, Town of Ponchatoula v. Police Jury and Dubuisson v. Board of Sup'rs. of Election, supra.

Fant, 216 La. 58, 43 So.2d 217, and authorities there cited.

The judgment appealed from is reversed and plaintiffs' suit is dismissed at their cost.