TATE, Judge.
This is a suit for an injunction restraining the defendants, who claim to be the Mayor and four Aldermen of the town of Greensburg, from holding an election. The District Court rendered judgment in favor of petitioners, from which defendants appeal.
The facts show that between 1947 and 1952 the defendants were variously commissioned as Mayor and Aldermen of the town of Greensburg by the incumbent Governors, as vacancies arose. In August 1956, the then incumbent Governor issued commissions replacing all but one of these holdover appointees. It appears that traditionally elections have not been held to select the town officials of Greensburg, who have always held office by virtue of Governors’ appointments.
Greensburg was created by special Act 232 of the Legislature of 1860, which Act was amended by Act 103 of 1869 to provide, inter alia, Section 2:
“That the term of office of the Mayor and Board of Aldermen shall expire on the first Monday in November of each year, when a new election for said officers shall be held; provided, that on the failure of the town authorities to hold said election from any cause, the said officers shall continue in office until their successors shall have been elected or appointed, and it shall be the duty of said Mayor and Aldermen thus holding over to order said election as soon after the first Monday in November as is practicable.”
On August 21, 1956 the present defendants in their official capacities adopted a resolution calling for a general election on September 25, 1956 to elect a mayor and five aldermen for the town of Greensburg.
Subsequent to this, quo warranto proceedings by the duly commissioned officials against the old officials resulted in judgment on September 18, 1956 in favor of the newly commissioned officials, holding the latter (some of whom are among present plaintiffs) to be the legal officers of Greensburg by virtue of legal appointment, and holding the present defendants’ pretensions to retain municipal office to be without legal basis. From this judgment the defendants took a suspensive appeal to the Louisiana Supreme Court, which still pending appeal maintains them as the de facto town officials.
The present proceedings were filed on September 18, 1956 to enjoin the election called for September 25, 1956. On September 24, 1956, a permanent injunction was issued after trial prohibiting the holding of the election scheduled for the following day. Insofar as the appeal lies from said judgment enjoining the election • of September 25, 1956, which date is long past, it is dismissed for the matter is moot, and “in cases where no practical results can be obtained, this Court will not entertain the appeal (cases cited)”, City of Lake Charles v. Nope, La.App. 1 Cir., 92 So.2d 144 at page 145.
But in addition to the relief enjoining said election prayed for, the District Court additionally enjoined the defendants from holding an election “at any future date, until Docket #1892 of this Court is decided on appeal.” (Docket #1892 is the quo warranto proceedings.)
Fully appreciating the commendable attempted exercise of equitable powers by the able District Court to preserve the status quo pending final determination by the Supreme Court of the present defendants’ right to retain office despite their legal replacement by other officials, and to prevent any drastic change in the customary conditions of municipal government through the exercise of power by those held to be usurpers, we nevertheless are of the opinion that neither the District Court nor this Court has the power to restrain such future elections.
*756 The Supreme Court through Mr. Justice McCaleb has recently summarized the applicable law in Bardwell v. East Baton Rouge Parish Council, 216 La. 537, 44 So.2d 107, at pages 109-110, 19 A.L.R.2d 514, to be as follows (omitting supporting citations):
“[T]wo established principles must be considered. They are the general rule that equity will not interfere with a municipal body in the exercise of powers of a legislative character, * * * and the doctrine that an injunction will not issue to prevent the holding of an election * * *.
“The above stated rules are not without exception. If the threatened action of a municipal council is in direct violation of a prohibitory law, equity will enjoin, even though no irreparable injury is shown * * * but this is the only instance that judicial intervention has been permitted in this State. * * * And, in cases involving the calling and holding of an election under certain conditions, a court of equity will restrain those ordering the election where the preliminary conditions necessary for the ■election call have not been fulfilled and the municipal body has either called or is threatening to call the election. * * * ”
Furthermore, it appears that under the statutory provision above quoted providing the charter for the government of Greensburg, the municipal officers — whether they be the legal officers duly appointed, or the de facto officers retaining governing powers under their expired commissions by virtue of a suspensive appeal— might be under the same duty to call an election, providing there was compliance with the formalities required by law. That is, insofar as the present proceedings are concerned, we are unable to say that the protection of plaintiffs’ legal rights requires the enjoining of future elections which, even if plaintiffs replaced the alleged usurpers, they themselves might be required to call. The rights of both the duly appointed officials and the usurpers are subordinate to the paramount right of the People to fill the offices through election as provided by the town charter.
This ruling is of course without prejudice to the right of any of the parties hereto to call any future election, or to oppose the calling of such future election for legal cause.
For the above and foregoing reasons, the judgment appealed from is amended by striking out the provision enjoining the defendants from holding or calling a municipal election “at any future date, until Docket #1892 of this Court is decided on appeal.” In all other respects the appeal is dismissed. Defendants to pay the cost of this appeal.
Judgment is amended in part; appeal dismissed in part.