FRUGÉ, Judge ad hoc._
Plaintiffs filed an application for a writ of quo warranto as provided by Code of Practice Article 867 to 873, against defendants herein, directing them to state by what authority they exercised the office of Mayor and Board of Aldermen of the Town of Greensburg, State of Louisiana.
For an understanding of all the issues •presented, we refer to the opinion in the •companion case (Lindsey v. Holland, 235 La.-, 105 So.2d 332) decided this day ‘by us wherein an injunction restraining -an election was dissolved, declaring the •said election valid and decreeing defendants the duly elected officials of the Town •of Greensburg. Along the same line we •refer also to another case involving the same dispute reported in 95 So.2d 754 decided by this Court. It would serve no useful purpose to burden this opinion with .a long history of the case. The trial court found for plaintiffs and appeal was taken to the Court of Appeal by defendants-appellants which was overruled by the trial judge and the appeal directed to the Supreme Court. The Supreme Court later transferred the record to this Court.
It is clear that plaintiffs’ petition clearly sets forth that this proceeding was brought under the provisions of Code of Practice Articles 867 to 873 (Quo Warranto).
It is the contention of the appellants that an action to try title to a public office can only be brought by an intrusion into office suit.
We need not decide which of the two actions (quo warranto or intrusion into office) is proper because this suit is moot.
In the case of Lindsey v. Holland, 95 So.2d 754, supra, we held that neither the district court nor court of appeal had the power to restrain future town elections until quo warranto proceedings (this suit) was decided on appeal and that both the duly appointed municipal officials and usurpers were subordinate to the paramount right of the people to fill the municipal offices through election as provided in the town charter.
In the companion case (Lindsey v. Holland No. 2034) supra, decided this day, we held the election of November 5, 1957 to be valid, hence this suit (quo warranto) is moot.
For the above and foregoing reasons the judgment of the District Court is reversed and suit dismissed at plaintiffs’ costs.
Reversed.