CULPEPPER, Judge.
The plaintiff, a qualified voter and taxpayer of the parish of Evangeline, filed this suit which he denominates “Suit for in-junctive relief and accounting”. Plaintiff seeks to enjoin defendant, Evangeline Parish Police Jury, from conducting a road maintenance property tax election in the First Ward of Evangeline Parish on May 25, 1968. Plaintiff also seeks an accounting from the Jury showing the amount spent by each juror in his respective ward.
The defendant filed an exception of no cause of. action and/or prematurity. As to the injunctive relief sought, defendant contends this case falls within the general rule that an injunction will not issue to prevent an election. As to the request for an accounting, the defendant contends there are no allegations of illegal actions on the part of the jurors to form the basis for such an audit.
A hearing on the exceptions was held on May 10, 1968. At the conclusion of the hearing, the trial judge overruled the exception of no cause of action as to the request for an accounting, but sustained the exception of no cause of action as to the request for an injunction to prevent the holding of the election.[1]
*135 The general rule is firmly established in our jurisprudence that an injunction will not issue to prevent the holding of an election. One of the early cases is Roudanez v. Mayor, etc. of New Orleans, 29 La.Ann. 271, where citizens and taxpayers sued to enjoin the holding of a special tax election, contending that the tax, if passed, would violate their rights under the Constitution. In denying the injunction, the Court held:
“We think that the danger apprehended is too remote and too contingent to form the basis of a proceeding in court to avert it.
“Courts of justice have enough to do in 'dealing with real, existing and present wrongs, without anticipating and combating hypothetical evils of the future that may or may not arise. It will be time enough for the plaintiffs to complain when their rights are actually invaded, or when danger to their persons or property is imminent and impending. There are too many contingencies at present between them and danger to justify them in resorting to law. Act No. 20 may yet be repealed, or the tax proposed may be voted down, or plaintiffs may cease to be taxpayers, or the railroad corporation may cease to exist, or forfeit its charter.
“It seems to us that the plaintiffs have set up, and now ask us to protect them against, a mere possible adversary, which at present is without substance or power to harm them.
“Even if it be conceded that the levy of the tax contemplated by said act would be unconstitutional (upon which we of course express no opinion), we do not see that that fact would render the holding of the election unconstitutional. (Italics by the Court) * *
In the more recent case of Bardwell v. Parish Council, 216 La. 537, 44 So.2d 107, 19 A.L.R.2d 514 (1949), a group of citizens of East Baton Rouge Parish sought to enjoin the calling and holding of an election on a proposed amendment to the parish— city charter. Denying the request for an injunction, the Court held:
“Plaintiffs do not claim that any of the preliminary steps and conditions, i. e., requisite number of signatures of voters, etc. have not been complied with by the parties petitioning for submission of the initiative and referendum measure but only that the amendments, if passed, would be illegal and unconstitutional. In these circumstances it is plain that the general rule (that injunction will not be granted to prevent the holding of an election) obtains and plaintiffs’ suit must be dismissed as premature.”
We have carefully examined the allegations of plaintiffs’ petition. Even assuming, as we must -for purposes of the exception of no cause of action, that all of the well-pleaded facts in the petition are true, there is not a sufficient showing to restrain the submission of the tax to the voters. The threatened injury to plaintiff is not irreparable, but obviously remote. If the proposed tax is approved by the voters, the plaintiff will have ample opportunity thereafter to attack the levy as unconstitutional or otherwise illegal.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff-appellant.
Affirmed.

. Plaintiff argued in this Court that the judgment appealed overruled exceptions as to both the request for an accounting and the prayer for an injunction preventing the election. However, it is our construction of the trial judge’s written rea *135 sons and the judgment signed in accordance therewith, that the trial judge sustained the exceptions as to the injunctive relief sought, but overruled the exceptions as to the request for an accounting,