LANIER, Judge.
This action is a suit for preliminary and permanent injunctions by a parish governing authority to stop the operation of a private airport. Suit was filed by the West Baton Rouge Parish Police Jury (Police Jury), in its capacity as the governing authority of the Airport District of West Baton Rouge Parish, against Westside Aero, Ltd. (Westside), operator of the private airport. The trial court found that Westside had failed to get approval of the Police Jury prior to establishment of the airport in violation of a parish ordinance and was therefore operating the airport unlawfully. The trial court rendered judgment in favor of the Police Jury enjoining further operations at the airport. Westside took this devolutive appeal.
FACTS
On June 17, 1980, the Police Jury enacted Ordinance Section 20-196-20-199 creating the Airport District of West Baton Rouge Parish.[1] The territorial jurisdiction of this special service district was all land situated in West Baton Rouge Parish, except land within the boundaries of incorporated municipalities. The airport district was empowered to regulate and control all aeronautic matters within the district. Attached hereto as Appendix A is Ordinance Section 20-196-20-199. The airport district has never adopted any regulations pursuant to the authority granted it in Section 20-197.
Westside commenced construction of its airport in the unincorporated area of West Baton Rouge Parish in 1985 or 1986. Prior to its completion, Westside applied to the Louisiana Department of Transportation and Development (DOTD) and the Federal Aviation Administration (FAA) for permits authorizing it to operate the airport for private use. Westside was unaware of the existence of the airport district and did not seek its approval. Both the DOTD and FAA approved Westside’s applications for permits, and it commenced operations at the airport in 1987.
On May 11, 1989, at a Police Jury meeting testimony was given that Westside was operating aircraft out of its airport which endangered and disturbed residents living near this facility. The Police Jury unanimously adopted a resolution requesting its legal counsel (district attorney) enforce the airport district ordinance and prohibit further operations at the Westside facility. Pursuant to this resolution, these proceedings were instituted.
INJUNCTIVE RELIEF
(Assignment of error number 2)
Westside contends the trial court erred in finding injunctive relief was a remedy available to the Police Jury.
La.C.C.P. art. 3601 provides, in pertinent part, as follows:
An injunction shall issue in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law; ...
During the pendency of an action for an injunction the court may issue a temporary restraining order, a preliminary injunction, or both, except in cases where prohibited, in accordance with the provisions of this Chapter.
Except as otherwise provided by law, an application for injunctive relief shall be by petition.
The Police Jury’s petition seeks to enjoin all operations at Westside’s airport due to Westside’s failure to obtain the approval of the Police Jury prior to beginning operations at its airport. It also alleges that operations at Westside’s airport are endangering and disturbing persons living near the airport. The Police Jury’s petition states it is acting pursuant to the authority *1129 granted it (as an airport district) in Section 20-197. This section provides as follows:
(a) The purpose of the district shall be to control and regulate aeronautics matters within the district, including, but not limited to, consideration and acting upon any request, intent, petition or other activity for the purpose of acquiring, constructing, maintaining or operating an airport and related facilities within the boundaries of the district. The district shall have the authority to regulate, restrict, control and prohibit the landing of aircraft, except public aircraft as defined in R.S. 2:1, on any land within the district. Such regulations shall be designed to safeguard the health and welfare of the citizens of the parish.
(b) When, because of the operation of an airport in an adjoining parish, aircraft regularly and repeatedly enter the air space under the jurisdiction of the district, the district shall request that governing authority of such airport, airport district, parish or municipality to seek concurrence from the district in its regulations for the control and safe operation of such aircraft entering the air space of the district.
(c) The district shall have jurisdiction over matters involving air rights, servi-tudes, easements, or other interests relating to control of land use within the district, when such control is necessary for the safety of the citizens of the parish, insofar as it involves the operation of an airport or air facility located in an adjoining parish.
(d) The district shall have jurisdiction over such other aeronautic matters within its district that are not contrary to law or ordinances of the governing authority of the parish. (Ord. of 6-17-80, § 2) (Emphasis added)
The trial court found that Westside was unlawfully operating its airport in violation of Section 20-197 and was causing irreparable injury; thus, it enjoined further operations at Westside’s airport.
The majority (concurring) opinion of this court in Callais Cablevision, Inc. v. Houma Cablevision, Inc., 451 So.2d 6, 13-14 (La.App. 1st Cir.), writ denied, 452 So.2d 1175 (La.1984) states the following:
A provision of law is self-executing when no subsequent action is necessary by a legislative body to give it effect.... If a provision of law is incomplete in itself and contemplates supplemental and enabling legislation, it is not self-executing. ... A provision of law which is not self-executing is of no effect until the necessary assisting legislation has been enacted_ (Citations omitted; footnote omitted)
The Police Jury (airport district) has not enacted any regulations pursuant to the authority granted it by Section 20-197. It has not enacted any regulation which would require Westside to seek its approval prior to beginning operations at its airport. It also has not enacted any regulation which establishes safety standards for the operation of an airport within the airport district.
Section 20-197 is an enabling ordinance which grants the Police Jury (airport district) the authority to regulate all aspects of aeronautics.[2] This ordinance does not *1130 regulate the approval of airports by the Police Jury (airport district)[3] or any other aspect of aeronautics. This ordinance is not a self-executing provision of law in that it is incomplete in itself and contemplates supplemental and enabling regulations. This ordinance does not control herein because the necessary regulations have not been enacted.
Westside received the approval of the DOTD and the FAA prior to beginning operations at its airport. Since the Police Jury (airport district) had not enacted any regulations pursuant to Section 20-197, Westside complied with all legal requirements prior to beginning operations at its airport.
Since Westside is operating its airport in accordance with law, the trial court cannot enjoin it for operating unlawfully. The trial court erred as a matter of law in holding otherwise.[4] See Callais Cablevision, Inc. v. Houma Cablevision, Inc., 451 So.2d at 14.
This assignment of error has merit.[5]
DECREE
For the foregoing reasons, the judgment of the trial court is reversed, and the Police Jury’s petition is dismissed with prejudice. The Police Jury is cast for the cost of the stenographer. La.R.S. 13:4521.
REVERSED AND RENDERED.
APPENDIX A
EXHIBIT 1
SPECIAL DISTRICTS
ARTICLE VIII. AIRPORT 
Sec. 20-196. Created; boundaries.
The members of this body hereby create the Airpqrt District of West Baton Rouge, hereafter referred to as a “district.” The district shall be comprised of the land within the boundaries of West Baton Rouge, except that land which falls within the boundaries of incorporated municipalities within the parish, and the air space above *1131 such land to an unlimited height. (Ord. of 6-17-80, § 1)
Sec. 20-197. Purpose and authority.
(a) The purpose of the district shall be to control and regulate aeronautics matters within the district, including, but not limited to, consideration and acting upon any request, intent, petition or other activity for the purpose of acquiring, constructing, maintaining or operating an airport and related facilities within the boundaries of the district. The district shall have the authority to regulate, restrict, control and prohibit the landing of aircraft, except public aircraft as defined in R.S. 2:1, on any land within the district. Such regulations shall be designed to safeguard the health and welfare of the citizens of the parish.
(b) When, because of the operation of an airport in an adjoining parish, aircraft regularly and repeatedly enter the air space under the jurisdiction of the district, the district shall request that governing authority of such airport, airport district, parish or municipality to seek concurrence from the district in its regulations for the control and safe operation of such aircraft entering the air space of the district.
(c) The district shall have jurisdiction over matters involving air rights, servi-tudes, easements or other interests relating to control of land use within the district, when such control is necessary for the safety of the citizens of the parish, insofar as it involves the operation of an airport or air facility located in an adjoining parish.
(d) The district shall have jurisdiction over such other aeronautic matters within its district that are not contrary to law or ordinances of the governing authority of the parish. (Ord. of 6-17-80, § 2)
Sec. 20-198. Governing authority.
The governing authority of the parish airport district shall be the governing body of the parish. The officers of the district shall be the officers of the governing authority of the parish, except that the governing authority of the parish may appoint as treasurer, secretary or other agent, an individual who is not a member of the parish governing body or its staff. Such appointee shall be appointed for a term of two (2) years and shall have such duties as may be fixed by the governing body of the district. (Ord. of 6-17-80, § 3)
Sec. 20-199. Domicile.
The domicile of the district shall be the West Baton Rouge Parish Police Jury Annex Building, Port Allen, Louisiana. (Ord. of 6-17-80, § 4)
Secs. 20-200 — 20-209. Reserved.
ARTICLE IX. TAX **
DIVISION 1. GENERALLY
Secs. 20-210 — 20-214. Reserved.

. The creation of airport districts is provided for in La.R.S. 2:311 et seq.

. In Bunch v. Town of St. Francisville, 446 So.2d 1357, 1360 (La.App. 1st Cir.1984), the general rules for the interpretation of ordinances are set forth as follows:
When a law or ordinance is clear and free from all ambiguity, it must be given effect as written....
When interpreting a law (ordinance), the court shall give it the meaning the lawmaker intended. It is presumed that every word, sentence or provision in the law was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were used. Conversely, it will not be presumed that the lawmaker inserted idle, meaningless or superfluous language in the law or that it intended for any part or provision of the law to be meaningless, redundant or useless. The lawmaker is presumed to have enacted each law with deliberation and with full knowledge of all existing laws on the same subject. The meaning and intent of a law is to be determined by a consideration of the law in its entirety and all other laws on the same subject matter, and a construction should be placed on the provision in question which is consistent with the express terms of the law and with the obvious intent of the lawmaker in enacting it. Where it is possible to do so, it *1130 is the duty of the courts in the interpretation of laws to adopt a construction of the provision in question which harmonizes and reconciles it with other provisions. A construction of a law which creates an inconsistency should be avoided when a reasonable interpretation can be adopted which will not do violence to the plain words of the law and will carry out the intention of the lawmaker.
[[Image here]]
When the expressions of a law are "dubious”, the most effectual way of discovering the true meaning of the law is to consider the reason and spirit of it, or the cause which induced the lawmaker to enact it.... When a law is susceptible to two or more interpretations, that which affords a reasonable and practical effect to the entire act is to be preferred over one which renders part thereof ridiculous or nugatory_ If there is an irreconcilable conflict between the provisions of a law, only one provision can prevail.
See also Achee v. Louisiana State Employees’ Retirement Board, 527 So.2d 1116, 1118-1119 (La.App. 1st Cir.1988); Notoriano v. Anthony, 527 So.2d 1120, 1121-1122 (La.App. 1st Cir.1988).

.We do not address the issue of whether the type of airport district created herein can require parties to seek its approval of airport locations.

. The jurisprudence is unclear as to whether a party must show irreparable injury to enjoin another party from violating a state statute or local ordinance. See Bristol Steel and Iron Works, Inc. v. State, Department of Transportation and Development, 507 So.2d 1233 (La.1987); Cf. Bardwell v. Parish Council of Parish of East Baton Rouge, 216 La. 537, 44 So.2d 107 (1949); Guzzardo v. Town of Greensburg, 563 So.2d 424 (La.App. 1st Cir. 1990); Miller v. Knorr, 553 So.2d 1043 (La.App. 4th Cir.1989); Caffery v. Powell, 320 So.2d 223 (La.App. 3rd Cir.1975). Westside’s assignment of error number 3 raises this issue. However, since we find injunctive relief was not available to the Police Jury, we need not address this issue.

. Westside, on appeal, filed a peremptory exception raising the objection of no right of action contending that the Police Jury lacked the requisite capacity to initiate these proceedings and that injunctive relief is not available to the Police Jury under La.R.S. 2:12. Since we hold that the Police Jury is not entitled to an injunction based on'the merits of the case, we need not address this objection.

 Cross reference — Taxation generally, Ch. 22. Supp. No. 28