ELLIS, Judge:
This is a suit by Rosemary Meyers Brum-field against her husband, H. Alva Brum-field, III, in which she seeks to have declared null a marriage contract executed by them on December 19, 1968, the day before their marriage. Plaintiff also prayed for judgment declaring a community to have existed between her and her husband since December 20, 1968; that she be awarded damages for her legal expenses and for mental anguish, as well as punitive damages; that the property accumulated during the marriage be inventoried and appraised; and that defendant be enjoined from alienating or encumbering the said property.
To the petition, and the accompanying temporary restraining order, defendant filed a rule to dissolve the T.R.O. and for damages; an exception to the jurisdiction of the court over the subject matter; and exceptions of no right of action; no cause of action; prescription; and unauthorized use of summary process.
After a hearing on the exceptions, a judgment was rendered maintaining the exceptions of no cause of action and no right of action, and an alternative motion to strike, and dismissing the suit as to all of the relief demanded except for the demand for nullity of the marriage contract. A second judgment was signed maintaining the exception to the jurisdiction and dismissing the suit. Plaintiff has appealed from both judgments.
In this court, plaintiff claims that the trial court erred in signing a judgment sustaining the exceptions of no right and no cause of action when these exceptions had not been argued, and in maintaining the motion to strike relative to the prayer for recognition of the existence of a community and the prayer to enjoin plaintiff from alienating or encumbering property acquired during the existence of the community. It is further argued that the court erred in sustaining the exception to the jurisdiction over the subject matter and dismissing the suit.
At the hearing, it was stipulated that plaintiff and defendant were married but living separate and apart, and that no suit for a separation or divorce had been filed by either party. The minute entry relative to the hearing reads as follows:
“This matter came on for hearing on a rule nisi issued herein June 8, 1981, directed to defendant to show cause why a preliminary injunction should not issue herein and on dilatory, declinatory and peremptory exceptions, and an alternative motion to strike filed on behalf of defendant.
“The alternative motion to strike was argued by counsel and submitted to the Court. The motion was granted and maintained insofar as it pertains to Paragraphs C through K of plaintiffs prayer, and any allegations contained in the petition in support thereof.
“The declinatory exception of jurisdiction was argued by counsel. It was stipulated by and between counsel that at the present time there is no judgment of separation or divorce between plaintiff and defendant. The matter was submitted to the Court. For oral reasons assigned, the exception of jurisdiction was maintained, the plaintiff’s suit was dismissed at plaintiff’s costs.
“Judgments signed and filed.”
Turning first to the question of the jurisdiction of the trial court, we note that R.S. 13:1401 provides, in part, as follows:
“There is hereby established the family court for the parish of East Baton Rouge, which shall be a court of record with exclusive jurisdiction in the following proceedings:

“(7) All actions for divorce, separation from bed and board, annulment of marriages, establishment or disavowal of the paternity of children, alimony and support, custody and visitation of children, as well as of all matters incidental to any of the foregoing proceedings, including but not restricted to the issuance of conservatory writs for the protection of community property, the awarding of attorney fees to the wife in judgments of divorce *522 and separation, the cumulation of and rendering executory of alimony, the issuance of writs of fieri facias and garnishment under judgments of the court for alimony and attorney fees, jurisdiction of which was vested in the Nineteenth Judicial District Court for the parish of East Baton Rouge prior to the establishment of the family court for the parish of East Baton Rouge. The Nineteenth Judicial District Court for the parish of East Baton Rouge however, shall retain jurisdiction of all proceedings involving liquidation and partition of the community after a judgment of divorce or separation from bed and board.”
The Family Court has exclusive jurisdiction of this case only if it is incidental to an action for divorce, separation from bed and board, annulment of marriage, establishment or disavowal of paternity, alimony, support, custody, or visitation of children. This case does not fall within any of those categories. It is possible that the rights asserted herein could be adjudicated without either party seeking a separation, divorce, or annulment of the marriage. The word “incidental” is defined in Black’s Law Dictionary as “depending upon or appertaining to something else as primary; .. . something incidental to the main purpose.” Clearly, this action can stand alone, without the necessity of the institution of any other action, and the rights of the parties under the marriage contract can be adjudicated without any attendant separation or divorce. We therefore hold that, under the facts of this case, the 19th Judicial District Court has jurisdiction of the subject matter of the dispute.
We recognize that the judgment sustaining the motion to strike is interlocutory and ordinarily non-appealable, but since the case is properly before us on the judgment of dismissal, we should consider all issues.
R.S. 9:291 provides as follows:
“Unless judicially separated, spouses may not sue each other except for causes of action arising out of a contract or the provisions of Title VI, Book III of the Civil Code; restitution of separate property; for divorce, separation from bed and board, and causes of action pertaining to the custody of a child or alimony for his support while the spouses are living separate and apart, although not judicially separated.”
Since the parties hereto have not been legally separated or divorced, the above article limits the scope of the action filed herein to matters arising out of a contract or the provisions of the Civil Code relative to matrimonial regimes, Arts. 2325 et seq. That part of the petition and the prayer for relief relating to the nullity of the marriage contract, and the declaration of the existence of a community of acquets and gains falls within the permissible categories of actions between spouses. That part of the suit which seeks damages, an inventory, an appraisal, and injunctive relief falls outside of those categories, and would be properly incident to a suit for separation or divorce.
Under Article 964 of the Code of Civil Procedure, a court, on motion of a party or on its own motion, may order stricken from any pleading any “insufficient demand”. No formal motion to strike was filed by either party, but the trial judge acted properly in striking all demands which fall outside the permissible limits of R.S. 9:291, supra. With respect to the prayer that there be a declaration that a community of acquets and gains exists between the parties, we are of the opinion that it should not have been stricken, and the judgment will be amended in that respect.
The trial judge erred in sustaining the exceptions of no right of action and no cause of action. Plaintiff has clearly alleged a cause of action for the nullity of a matrimonial contract, and has the capacity to bring such an action. It was error to sustain those exceptions as to only part of the allegations and relief sought in the petition. Cenac Towing Co. v. Cenac, 413 So.2d 1351 (La.App. 1st Cir. 1982).
The judgment of dismissal is therefore reversed and set aside, and the case remanded to the trial court for further proceedings in accordance with law. The judg *523 ment sustaining the peremptory exceptions of no cause of action and no right of action is reversed. The judgment sustaining the motion to strike is amended so as to apply to Paragraphs D-K of the prayer of the petition, and, as amended, it is affirmed. Defendant shall pay all costs of this appeal, with all other costs to await final disposition of the case on its merits.
REVERSED IN PART, AFFIRMED IN PART, AMENDED AND REMANDED.