CARTER, Judge.
This is an appeal from the trial court’s issuance of a writ of mandamus, directing *428 that Richard J. Maciasz and The Louisiana State Police Retirement Board, defendants, pay early retirement benefits to Whitley R. Graves and J.C. Wilmer Rhodes, Jr., plaintiffs herein.
FACTS
Plaintiffs were formerly employed by the Louisiana State Police, and subsequent to leaving such employment, applied for early retirement benefits, pursuant to LSA-R.S. 42:720. Plaintiffs’ requests were denied by the Retirement Board on the basis of plaintiffs’ ages. At the time of their applications, Graves was 30 years of age and Rhodes was 36 years of age.
Graves began his employment with the State Police on February 4, 1974, and his last day of service was June 30, 1985. His total creditable service for eligibility and benefits under the retirement system was 12 years, 3 months, and 7 days.[1] Rhodes began his employment on October 14,1974, and his last day of service was August 23, 1985. His total creditable service for eligibility and benefits under the retirement system was 11 years, 3 months, and 14 days.[2]
Subsequent to the denial of the benefits, on June 11, 1986, plaintiffs petitioned the trial court for a writ of mandamus directing the defendants to authorize their early retirement. Plaintiffs claimed that pursuant to LSA-R.S. 42:720(B), they were eligible for a normal retirement on or before August 31, 1995, and, therefore, were eligible for early retirement from September 1, 1985, through August 31, 1995.
On August 15, 1986, the trial court ordered that a writ of mandamus issue, directing the defendants to recognize plaintiffs’ right to early retirement. The court further ordered that the retirement benefits be computed pursuant to LSA-R.S. 40:1426(A)(3)(a).
Defendants appeal this ruling, citing the following errors:
1. The trial court erred in ignoring and not applying the provisions of LSA-R.S. 40:1425 and 40:1426(B) to the case at hand.
2. The trial court erred in determining that LSA-R.S. 42:720 is applicable to the plaintiffs.
3. The trial court erred in determining that, if LSA-R.S. 42:720 is applicable to the plaintiffs, then their retirement benefits should be computed pursuant to the statutory provisions of LSA-R.S. 40:1426(A)(3)(a).
ASSIGNMENT OF ERROR NO. 1
Defendants contend that neither plaintiff is eligible for any retirement benefits because neither plaintiff was employed as a state trooper for the five years immediately preceding the application for retirement. Defendants reason that because plaintiffs terminated their employment before applying for early retirement, they have failed to meet the statutory requirements set forth in LSA-R.S. 40:1425 and, as such, are ineligible for early retirement.
LSA-R.S. 40:1425 provides, in pertinent part, as follows:
Any sworn, commissioned law enforcement officer of the division of state police who has attained the age and/or length of service required for retirement and who has served in the division for a total of five years or more immediately preceding his application for retirement from the system shall, ... be retired by the board, and shall receive retirement pay from the fund as provided in R.S. 40:1426.
Further, LSA-R.S. 40:1426(B) states, in pertinent part, as follows:
*429 [N]o member of the system shall be eligible to retire unless he is employed by the division of state police for at least five years immediately prior to his application for retirement.
In enacting LSA-R.S. 40:1425, the Legislature did not intend to require that the application for early retirement be made without any delay or lapse of time whatsoever from the termination of employment and the application for early retirement. Such an interpretation of LSA-R.S. 40:1425 is unreasonable. In the instant case, Graves terminated his employment on June 30, 1985, and applied for early retirement on September 12, 1985. Rhodes terminated his employment on August 23, 1985, and applied for early retirement on September 16, 1985. Plaintiffs did not withdraw any funds from the system or seek other employment before submitting their application for early retirement.
Statutes dealing with eligibility for retirement are entitled to a broad and liberal construction with the view of promoting the objects of the lawmaking body. Swift v. State, 342 So.2d 191 (La.1977). Therefore, we find that a reasonable reading of the statute dictates a finding that these plaintiffs were employed as state policemen for the five years immediately preceding their application for early retirement benefits.
ASSIGNMENT OF ERROR NO. 2
Defendants also contend that neither plaintiff is eligible for early retirement benefits because LSA-R.S. 42:720, which permits early retirement, applies only to those members of the system who on September 1, 1985, had credit for at least 10 years of service and who would attain the age of fifty years on or before August 31, 1995. Defendants reason that neither plaintiff fulfills the age requirement within the time contraints of LSA-R.S. 42:720.
Under LSA-R.S. 40:1426(A)(1) and (2), upon application, any member of the retirement system who has attained the age of fifty years and who has service credit for at least 10 or 15 years shall be retired at the salaries fixed by that provision. Under LSA-R.S. 40:1426(A)(3)(a), any member of the retirement system who was employed prior to September 8, 1978, regardless of age, who has service credit for 20 years shall be retired at salary level fixed by that provision. Pursuant to that framework, LSA-R.S. 42:720 provides a method for early retirement in addition to the normal retirement methods described above.
The trial court found that plaintiffs were entitled to early retirement benefits under LSA-R.S. 42:720, and we agree.
LSA-R.S. 42:720 states, in part, as follows:
A. Notwithstanding any other provision of law to the contrary, the provisions of this Section shall be applicable to all members of the following public retirement systems:
* * # * * #
(2) State Police Pension and Relief Fund,
# ⅜ sfc * # *
B. Any member who, on September 1, 1985, has earned sufficient service credit to be eligible for a normal retirement on or before August 31, 1995, but has not, on September 1, 1985, attained the normal retirement age, shall, during the ten year period from September 1, 1985, through August 31, 1995, be eligible for an early retirement, regardless of age, with benefits reduced to a level which would be actuarially equivalent to a retirement at the normal retirement age using the normal retirement formula, (emphasis added)
Defendants incorrectly interpret this statute, reading out the language “regardless of age.” The evidence produced clearly shows that as of September 1,1985, each plaintiff had earned sufficient service credit to be eligible for normal retirement on or before August 31, 1985. As of September 1, 1985, Graves had 12 years, 3 months, and 7 days of total service for eligibility and benefits under the retirement system. As of September 1, 1985, Rhodes had 11 years, 3 months, and 14 days of total service for eligibility and benefits under the retirement system. Therefore, both plaintiffs, having fulfilled the *430 Service credit requirement as of September 1, 1985, were eligible for early retirement benefits regardless of their age at the time of application. This assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 3
Defendants further contend that the trial court erred in finding that plaintiffs’ retirement benefits should be computed pursuant to the provisions of LSA-R.S. 40:1426(A)(3)(a), without any actuarial reduction.
LSA-R.S. 40:1426 provides:
A. Upon application to the board as provided in R.S. 40:1425, the following members of the State Police Pension and Retirement System shall be retired by the board at salaries fixed herein:
(1) Any member of the system who has attained the age of fifty years and who has service credit for ten years shall be paid a monthly salary of twenty-five percent of his average salary, which monthly salary shall be increased by one percent of average salary for each additional three months of service to his credit beyond the tenth year and extending through the end of the fourteenth year of service.
(2) Any member of the system who has attained the age of fifty years and who has service credit for fifteen years shall be paid a monthly salary of forty-five percent of his average salary, which monthly salary shall be increased by one percent of average salary for each additional four months of service to his credit beyond the fifteenth year and extending through the end of the nineteenth year of service.
(3)(a) Any member of the system who was employed prior to September 8, 1978, regardless of age, who has service credit for twenty years shall be paid a monthly salary of sixty percent of his average salary, which monthly salary shall be increased by one percent of average salary for each additional four months of service to his credit beyond the twentieth year and extending through the end of the thirtieth year.
(b) Any member of the system, who becomes employed on or after September 8, 1978, regardless of age, who has service credit for twenty years shall be paid, commencing upon retirement if he has attained the age of fifty years at such time, or upon attaining the age of fifty years if less than fifty years of age at the time of retirement, a monthly salary of sixty percent of his average salary, which monthly salary shall be increased by one percent of average salary for each additional four months of service to his credit beyond the twentieth year and extending through the end of the thirtieth year.
LSA-R.S. 42:720(B) provides as follows:
Any member who, on September 1, 1985, has earned sufficient service credit to be eligible for a normal retirement on or before August 31, 1995, but has not on September 1, 1985, attained the normal retirement age, shall, during the ten year period from September 1, 1985, through August 31, 1995, be eligible for an early retirement regardless of age, with benefits reduced to a level which would be actuarially equivalent to a retirement at the normal retirement age using the normal retirement formula.
In the instant case, the trial judge awarded plaintiffs early retirement benefits based upon the level of service credit each would have earned on or before August 31, 1995, had they remained in the retirement system. Clearly, while LSA-R.S. 42:720 contemplates the availability of early retirement to qualified members of the retirement system regardless of age, it bases the benefits available after such early retirement on benefits actuarially equivalent to a retirement at the normal retirement age using the normal retirement formula. LSA-R.S. 42:720(B). There is no language in LSA-R.S. 42:720 which grants free service credit or retirement benefits based on such free credit service beyond what was actually earned.
Therefore, in calculating the benefits available to plaintiffs, we must look to the years of service credit earned by each. At *431 the time of their applications for early retirement, neither plaintiff had earned 20 years credit service and, therefore, is not entitled to retirement benefits under LSA-R.S. 40:1426(A)(3)(a). On September 1, 1985, Graves had earned service credit for 12 years, 3 months, and 7 days, and Rhodes had earned service credit for 11 years, 3 months, and 14 days. Therefore, under LSA-R.S. 42:720, plaintiffs early retirement benefits shall be based upon service credit of 12 years, 3 months, and 7 days and 11 years, 3 months, and 14 days, respectively. LSA-R.S. 40:1426(A)(1) provides that “any member ... who has service credit for 10 years shall be paid a monthly salary of twenty-five percent of their average salary, which monthly salary shall be increased by one percent for each additional three months of service to their credit beyond the tenth year.”
LSA-R.S. 42:720(B) further provides that such benefits should be “reduced to a level which would be actuarially equivalent to a retirement at the normal retirement age using the normal retirement formula.” Therefore, plaintiffs are entitled to early retirement benefits calculated pursuant to LSA-R.S. 40:1426(A)(1) and LSA-R.S. 42:720.
CONCLUSION
For the above reasons, the judgment of the trial court issuing the writ of mandamus and directing defendants to pay plaintiffs early retirement benefits is affirmed. The portion of the trial court’s judgment providing for the calculation of early retirement benefits pursuant to LSA-R.S. 40:1426(A)(3)(a) is amended to reflect that the calculation of early retirement benefits be made pursuant to LSA-R.S. 40:1426(A)(1) and LSA-R.S. 42:720. Costs are to be paid by defendants.
AMENDED AND AFFIRMED.

. At the time he left employment with the State Police, Graves had 11 years, 4 months, and 27 days total creditable service and 10 months and 20 days accrued annual and sick leave for a total of 12 years, 3 months, and 7 days creditable service for eligibility and benefits under the retirement system.

. At the time he left employment with the State Police, Rhodes had 10 years, 10 months, and 10 days total creditable service and 5 months and 4 days accrued annual and sick leave for a total of 11 years, 3 months, and 14 days creditable service for eligibility and benefits under the retirement system.