527 So.2d 1116 (1988)
Chester J. ACHEE, Jr., et al.
v.
LOUISIANA STATE EMPLOYEES' RETIREMENT BOARD and Vernon Strickland.
CA 87 0784.
Court of Appeal of Louisiana, First Circuit.
June 21, 1988.
*1117 Macallynn J. Achee, Baton Rouge, for plaintiffs-appellants Chester J. Achee, Jr., Joseph S. Fairfield, Don Kilbourne, John P. Bonne Carrere, Jr., Joseph S. Cole, Michael S. Ponson, and John E. Rutherford, Jr.
William C. Toadvin, La. Dept. of Justice, Baton Rouge, for defendants-appellees Louisiana State Employees Retirement Bd. and Vernon Strickland.
Before SHORTESS, LANIER and CRAIN, JJ.
LANIER, Judge.
This action is a suit for mandamus by seven employees which seeks to compel the Louisiana State Employees' Retirement Board (Board) to allow them to have "early" retirements pursuant to La.R.S. 42:720, as enacted by Act 154 of 1985. The trial court denied mandamus and dismissed the suit. This devolutive appeal followed.

FACTS
The employee-plaintiffs were employed by the Louisiana Department of Public Safety and Corrections as probation officers. Each employee filed an application with the Board requesting an "early" retirement, and each request was denied by the Board on or about October 16, 1986. At the trial on the merits, the parties stipulated the following facts were correct:

NAME & BIRTHDATE AGE ON SERVICE CREDIT
SOC. SEC. NO. 9/1/85 AS OF 9/1/85 
1. Achee, Chester J. Jr.* 2/04/53 32 6.50 yrs. (only
 XXX-XX-XXXX had 6.00 yrs. as
 Probation Officer)
2. BonneCarrere, John P. Jr. 4/06/48 37 13.30 yrs.
 XXX-XX-XXXX
3. Cole, Joseph S. 3/18/49 36 11.10 yrs.
 XXX-XX-XXXX
4. Fairfield, Joseph S. 8/16/44 41 18.30 yrs. (+ 4.00
 yrs. military credit
 under Act 769 of '82)
5. Kilbourne, Don B. ** 6/29/43 42 19.55 yrs. (only had
 XXX-XX-XXXX 7.00 yrs as Probation
 Officer)
6. Ponson, Michael S. ** 9/15/51 33 10.70 yrs. (only had
 XXX-XX-XXXX 8.60 yrs. as Probation
 Officer)
7. Rutherford, John E. ** 7/09/38 47 22.55 yrs. (only had
 XXX-XX-XXXX 4.20 yrs. as Probation
 Officer)

*1118
* NOTE: Chester Achee had cancelled
4.90 yrs. previously earned with the
Dept. of Health & Human Resources
(which does not count as Probation
credit). He has not repaid that refund;
therefore, he did not have at
least 10.00 yrs. credited service as of
9/01/85. His Probation credit actually
began 10/22/79.
** These members did not have at least
10.00 yrs. Probation service credit on
9/01/85

ELIGIBILITY FOR EARLY RETIREMENT
In their only assignment of error, the employees assert that "[t]he trial court erred in holding that a state employee can only retire under the provisions of La.R.S. 42:720(B) if he has already earned sufficient service credit prior to September 1, 1985." The employees contend that they "would ordinarily be eligible for retirement under the provisions of La.R.S. 42:571(E)", that they will become eligible for a normal retirement on or before August 31, 1995, and that pursuant to La.R.S. 42:720(B) they are legally entitled to an "early" retirement.
La.R.S. 42:720, as enacted by Act 154 of 1985, provides, in pertinent part, as follows:
A. Notwithstanding any other provision of law to the contrary, the provisions of this Section shall be applicable to all members of the following public retirement systems:
(1) Louisiana State Employees' Retirement System,
. . . .
B. Any member who, on September 1, 1985, has earned sufficient service credit to be eligible for a normal retirement on or before August 31, 1995, but has not, on September 1, 1985, attained the normal retirement age, shall, during the ten year period from September 1, 1985, through August 31, 1995, be eligible for an early retirement, regardless of age, with benefits reduced to a level which would be actuarially equivalent to a retirement at the normal retirement age using the normal retirement formula.
La.R.S. 42:571(E) provides as follows:
E. (1) Notwithstanding the provisions of Subsection A hereof, probation and parole officers employed by the Louisiana Department of Public Safety and Corrections shall be eligible for retirement at any age upon attaining twenty or more years of service, at least ten of which were served immediately prior to application for retirement as a probation and parole officer with the Louisiana Department of Public Safety and Corrections.
(2) Notwithstanding any other provision to the contrary, in addition to being subject to the foregoing provisions[,] probation and parole officers employed by the Louisiana Department of Public Safety and Corrections after August 15, 1986, shall not be able to retire or begin to receive regular benefits until attaining the age of fifty years, regardless of the number of years of service. If a member who becomes employed as a probation and parole officer after August 15, 1986, has creditable service other than that as a probation and parole officer, then only two-thirds of that nonprobation and parole officer service shall be counted toward meeting the twenty-year minimum service requirement for probation and parole officers.
(3) For purposes of this Subsection, Louisiana Department of Public Safety and Corrections includes predecessor and successor agencies to such department.
The issue to be decided in this appeal is a pure question of statutory interpretation. The following rules, found in Bunch v. Town of St. Francisville, 446 So.2d 1357, 1360 (La.App. 1st Cir.1984) are applicable:
When a law or ordinance is clear and free from all ambiguity, it must be given effect as written....
When interpreting a law (ordinance), the court should give it the meaning the lawmaker intended. It is presumed that every word, sentence or provision in the law was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were used.

*1119 Conversely, it will not be presumed that the lawmaker inserted idle, meaningless or superfluous language in the law or that it intended for any part or provision of the law to be meaningless, redundant or useless. The lawmaker is presumed to have enacted each law with deliberation and with full knowledge of all existing laws on the same subject. The meaning and intent of a law is to be determined by a consideration of the law in its entirety and all other laws on the same subject matter, and a construction should be placed on the provision in question which is consistent with the express terms of the law and with the obvious intent of the lawmaker in enacting it. Where it is possible to do so, it is the duty of the courts in the interpretation of laws to adopt a construction of the provision in question which harmonizes and reconciles it with other provisions. A construction of a law which creates an inconsistency should be avoided when a reasonable interpretation can be adopted which will not do violence to the plain words of the law and will carry out the intention of the lawmaker.
. . . . .
When the expressions of a law are "dubious", the most effectual way of discovering the true meaning of the law is to consider the reason and spirit of it, or the cause which induced the lawmaker to enact it.... When a law is susceptible to two or more interpretations, that which affords a reasonable and practical effect to the entire act is to be preferred over one which renders part thereof ridiculous or nugatory.... If there is an irreconcilable conflict between the provisions of a law, only one provision can prevail.
In his oral reasons for judgment, the trial judge observed, in pertinent part, as follows:
I think the proper and reasonable interpretation of that language [La.R.S. 42:720], giving effect to the entire subdivision B, is the unequivocable requirement that a person as of September 1, 1985, has to have sufficient service credit at that time. In other words, in the case of these probation employees, would have 20 years of service. Sufficient service credit means in this case those probation and parole employees would have to have 20 years of probation and parole service to be eligible for early retirement. The language talks about not being of age at that point. That is the only other thing that they have to do within that 10-year period is become of age to give them a normal retirement. That's the better interpretation, in my opinion, of the meaning of that statute. And like I said before and my first thoughts about it remain my thoughts. And I analyzed it from a lot of different angles and thought about it very strongly. It would bring some very strange results if you could gain your retirement service credit during that ten years as well as your age. It would lead to the result of all those persons affected by the normal state retirement that can have ten years service and retire at age 60 with one day of prior service, prior to September 1, 1985, being able to retire if they are of sufficient age, if they are 50 years and one day at that point in time and many other situations like that where we would not put the premium on the prior service of the state employee. And I think that is what it is designed to do. Those people who have the years and just don't have the age, this early retirement is supplying that age if they meet it within that ten-year block. They give them that opportunity, those employees with long service that would meet the service requirement but not the age requirement, but during the ten-year block would meet the age requirement and get the early retirement, early as to age, not early as to service. I think that's the correct interpretation and for those reason [sic] the court denies the mandamus.
The employees contend that had the legislature intended that the sufficient service credit be already earned prior to September 1, 1985, it could have simply inserted that one word, i.e., already, into the language of the statute to make it read "any member who, on September 1, 1985, has ALREADY earned sufficient service credit." Accordingly, they contend they "will have" earned sufficient service credit, under *1120 Section 571(E)(1), to be eligible for a normal retirement on or before August 31, 1995.[1]
We disagree. The statute clearly applies only to "[a]ny member who, on September 1, 1985, has earned sufficient service credit to be eligible for a normal retirement...." (Emphasis added.) None of the employees had earned "twenty or more years of service, at least ten of which were served immediately prior to application for retirement as a probation and parole officer" on September 1, 1985.
The language here in question was discussed in Graves v. Maciasz, 516 So.2d 427, 429-430 (La.App. 1st Cir.1987), as follows:
Defendants incorrectly interpret this statute, reading out the language "regardless of age." The evidence produced clearly shows that as of September 1, 1985, each plaintiff had earned sufficient service credit to be eligible for normal retirement on or before August 31, 1985. As of September 1, 1985, Graves had 12 years, 3 months, and 7 days of total service for eligibility and benefits under the retirement system. As of September 1, 1985, Rhodes had 11 years, 3 months, and 14 days of total service for eligibility and benefits under the retirement system. Therefore, both plaintiffs, having fulfilled the service credit requirement as of September 1, 1985, were eligible for early retirement benefits regardless of their age at the time of application. This assignment of error lacks merit. (Emphasis added.)
This assignment of error is without merit.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed at the cost of the appellants.
AFFIRMED.
NOTES
[1] Section 571(E)(2) is inapplicable in the present case since none of the employees were employed after August 15, 1986.