LANIER, Judge.
This action commenced as a suit for a separation by a husband against his wife. The wife answered the suit and filed a reconventional demand seeking a separation. During the course of the proceedings the trial court rendered a judgment which, among other things, gave the wife exclusive use of the community property family residence. The husband then filed a rule to have the fair rental value of the family residence fixed pursuant to La.R.S. 9:308. The trial court judge, on his own motion, dismissed the rule on the ground that the Family Court of the Parish of East Baton Rouge (Family Court) “has no jurisdiction over the subject matter namely movers [sic] request for the fixing of fair rental value for the family home during the pend-ency of these proceedings” because “such a request is a community property issue within the jurisdiction of the 19th Judicial District Court....” The husband applied to this court for supervisory relief. We granted certiorari.
BASIC FACTS
Sterling Ray Davis (husband) and Rebecca Carruth Davis (wife) were married on October 14, 1972. Of this union two children were born, namely (1) Carolyn, age 11 and (2) Charles, age 7. In January or February of 1990, the husband and wife began living separate and apart.
PROCEDURAL FACTS
The husband filed his suit on April 20, 1990, seeking a separation, joint custody of the children and injunctive relief. The wife filed her answer and a reconventional demand on May 22, 1990, seeking a separation, joint custody, alimony pendente lite, child support, the use and occupancy of the family residence and injunctive relief. After a hearing, the trial court rendered a judgment on rule on July 3, 1990, which (1) awarded joint custody of the children with the wife as domiciliary parent and visitation rights for the husband, (2) awarded the wife child support of $400 per month and alimony pendente lite of $500 per month, (3) awarded the wife the use of the family *935 residence and a Jeep automobile in her possession, (4) awarded the husband the use of a Jeep automobile in his possession, (5) ordered the husband to pay the mortgage notes on the family residence and the Jeep automobile in the wife’s possession, and (6) granted reciprocal injunctions against both parties. On August 1, 1990, the husband filed his answer to the wife’s reconventional demand and a rule to fix the fair rental value of the use and occupancy of the family residence, as provided for in La.R.S. 9:308. This rule was heard on August 21, 1990,[1] and the trial court ruled on its own motion that it had no subject matter jurisdiction to hear the rule. This court granted certiorari on February 4, 1991.
SUBJECT MATTER JURISDICTION OF THE FAMILY COURT OF EAST BATON ROUGE PARISH TO AWARD THE RENTAL VALUE OF THE USE AND OCCUPANCY OF A FAMILY RESIDENCE TO A SPOUSE
The husband asserts the Family Court erred in holding that it did not have subject matter jurisdiction to fix the fair rental value of the family residence. He argues this issue is incidental to awarding the wife the use and occupancy of the family residence and incidental to awarding alimony and child support, and that the Family Court properly has jurisdiction over these matters. In response, the wife asserts the following:
The reading of La.R.S. 13:1401 indicates the possibility of overlapping grants of jurisdiction between the Family Court of the parish of East Baton Rouge and the Nineteenth Judicial District Court. However, the jurisprudence, including cases and legislative intent of the statutes, accumulated in the first circuit shows that the Family Court solely has the discretion to fix a fair rental rate to be paid by the spouse who is using and occupying or has been granted use and occupancy of the family home.
At all times pertinent hereto[2], the subject matter jurisdiction of the Family Court was defined in La.R.S. 13:1401, which provided as follows:
There is hereby established the family court for the parish of East Baton Rouge, which shall be a court of record with exclusive jurisdiction in the following proceedings: (1) All actions for divorce, separation from bed and board, annulment of marriages, establishment or disavowal of the paternity of children, alimony and support, custody and visitation of children, as well as of all matters incidental to any of the foregoing proceedings, including but not restricted to the issuance of conservatory writs for the protection of community property, the awarding of attorney fees in judgments of divorce and separation, the cumulation of and rendering exec-utory of alimony, the issuance of writs of fieri facias and garnishment under judgments of the court for alimony and attorney fees, jurisdiction of which was vested in the Nineteenth Judicial District Court for the parish of East Baton Rouge prior to the establishment of the family court for the parish of East Baton Rouge. The Nineteenth Judicial District Court for the parish of East Baton Rouge, however, shall retain jurisdiction of all proceedings involving liquidation and partition of the community after a judgment of divorce or separation from bed and board.
(2) All proceedings for writs of habeas corpus for the determination and enforcement of rights to the custody of minors or for the release of any person in actual custody in any case of which the family court has original jurisdiction.
*936 The family court for the parish of East Baton Rouge has all such additional jurisdiction, power, and authority now or hereafter provided by law. (Emphasis added)
At all times pertinent hereto,[3] La.R.S. 9:308(B) and (C) provided as follows:
B. When the family residence is community property, after the filing of a petition for separation or divorce or in conjunction therewith, either spouse may petition for, and a court may award to one of the spouses, after a contradictory hearing, the use and occupancy of the family residence and use of community movables or immovables to either of the spouses pending further order of the court. In these cases, the court shall inquire into the relative economic status of the spouses, including both community and separate property, and the needs of the children, if any, and shall award the use and occupancy of the family residence and the use of any community movables or immovables to the spouse in accordance with the best interest of the family. The court shall consider the granting of the occupancy of the family home and the use of community movables or immovables in awarding alimony or child support.
C. A spouse who uses and occupies or is awarded by the court the use and occupancy of the family residence pending either the termination of the marriage or the partition of the community property in accordance with the provisions of R.S. 9:308(A) or (B) shall not be liable to the other spouse for rental for the use and occupancy, unless otherwise agreed by the spouses or ordered by the court. (Emphasis added)
The issue in this writ is a question of statutory interpretation. The following rules found in Bunch v. Town of St. Francisville, 446 So.2d 1357, 1360 (La.App. 1st Cir.1984) are applicable:
When a law or ordinance is clear and free from all ambiguity, it must be given effect as written_
When interpreting a law (ordinance), the court should give it the meaning the lawmaker intended. It is presumed that every word, sentence or provision in the law was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were used. Conversely, it will not be presumed that the lawmaker inserted idle, meaningless or superfluous language in the law or that it intended for any part or provision of the law to be meaningless, redundant or useless. The lawmaker is presumed to have enacted each law with deliberation and with full knowledge of all existing laws on the same subject. The meaning and intent of a law is to be determined by a consideration of the law in its entirety and all other laws on the same subject matter, and a construction should be placed on the provision in question which is consistent with the express terms of the law and with the obvious intent of the lawmaker in enacting it. Where it is possible to do so, it is the duty of the courts in the interpretation of laws to adopt a construction of the provision in question which harmonizes and reconciles it with other provisions. A construction of a law which creates an inconsistency should be avoided when a reasonable interpretation can be adopted which will not do violence to the plain words of the law and will carry out the intention of the law maker....
When the expressions of a law are “dubious”, the most effectual way of discovering the true meaning of the law is to consider the reason and spirit of it, or the cause which induced the lawmaker to enact it.... When a law is susceptible to two or more interpretations, that which affords a reasonable and practical effect to the entire act is to be preferred over one which renders part thereof ridiculous or nugatory.... If there is an *937 irreconcilable conflict between the provisions of a law, only one provision can prevail. (Emphasis added; citations omitted)
See also La.R.S. 1:1 et seq.; La.C.C. art. 9 et seq.; Achee v. Louisiana State Employees’ Retirement Board, 527 So.2d 1116, 1118-1119 (La.App. 1st Cir.1988); Notoriano v. Anthony, 527 So.2d 1120, 1121-1122 (La.App. 1st Cir.1988).
We construe the husband’s pleading as a request that the trial court award him a judgment against the wife for rent for her use and occupancy of the family residence.[4] We do so because La.R.S. 13:1401 is clear and unambiguous in providing that the Family Court has no subject matter jurisdiction to fix the fair rental value of the family residence for purposes of the “liquidation and partition of the community after a judgment of divorce or separation from bed and board.” La.R.S. 13:1401 is also clear and unambiguous in providing that the Family Court has exclusive jurisdiction over actions for separation from bed and board, alimony and child support, custody of children and “all matters incidental to any of the foregoing proceedings”. A matter is incidental to one of these actions if it depends upon or appertains to it as primary or is something incidental to the main purpose. Brumfield v. Brumfield, 415 So.2d 520 (La.App. 1st Cir.1982).
La.R.S. 9:308 is clear and unambiguous in providing that after the filing of a suit for a separation, a court may award to one of the spouses the use and occupancy of the family residence and the occupancy of the family residence shall be considered “in awarding alimony or child support”. When the word shall is used in the Revised Statutes, it is mandatory. La.R.S. 1:3. Actions for separation, alimony and child support are subject to the exclusive jurisdiction of the Family Court. La.R.S. 9:308 is also clear and unambiguous in providing that a spouse who is awarded the use and occupancy of the family residence pending the termination of the marriage or the partition of the community is not liable to the other spouse for rental for the use and occupancy unless ordered by the court. The husband’s claim herein for rental for the use and occupancy of the family residence by the wife is incidental to the actions for separation, alimony and child support, and, in this procedural posture, pursuant to La.R.S. 13:1401, is subject to the exclusive subject matter jurisdiction of the Family Court. Fixing the fair value of this rent is incidental to adjudicating this claim. The ruling of the trial court to the contrary is wrong.
This assignment of error has merit.
DECREE
For the foregoing reasons, the writ issued herein is made peremptory, the judgment complained of is reversed, and this action is remanded to the trial court for a hearing on the husband’s request for rental for the wife’s use and occupancy of the family residence.[5]
REVERSED AND REMANDED.

. The trial court judgment dismissing the rule to fix the fair rental value of the family residence states that the rule was heard and judgment was rendered on September 21, 1990. However, the judgment was read, signed and filed on August 31, 1990, and the court minutes show the rule was heard and judgment rendered on August 21, 1990.

. La.R.S. 13:1401 was amended by Acts 1990, No. 158, effective July 1, 1990. This was the law in effect when the operative facts of this case occurred. La.R.S. 13:1401 was also amended by Acts 1990, Nos. 1008 and 1009, effective January 1, 1991.

. La.R.S. 9:308 was amended and re-enacted by Acts 1989, No. 800, effective September 3, 1989. This was the law in effect when the operative facts of this case occurred. La.R.S. 9:308 was reenacted as La.R.S. 9:374 by Acts 1990, No. 1009, effective January 1, 1991.

. In his prayer, the husband asks that the wife show cause "why a fair rental value should not be fixed for her use and occupancy of the family home as a community asset during the pend-ency of this proceeding.” In the order signed by the trial judge setting the hearing, the wife was ordered to show cause “why a fair rental value should not be fixed for her use and occupancy of the family home to be paid by her or accounted for by her to the community during the pendency of these proceedings.”

. In deciding this case, it is unnecessary to determine what effect, if any, a ruling by the Family Court fixing the fair rental value of the use and occupancy of the family residence for purposes of separation, alimony and child support will have on the Nineteenth Judicial District Court, should that court be called upon to fix that same value for purposes of liquidation and partition of the community after a judgment of divorce or separation.