FRUGÉ, Judge ad hoc.
This case is one of many cases growing out of a dispute as to who are the rightful holders of the offices of the Mayor and Board of Aldermen in the Town of Greens-burg, Parish of St. Helena, State of Louisiana.
The defendants appellants herein have been and claim to.be the rightful Mayor and four of the five legally constituted aider-men of the Town of Greensburg. Defendants Ocy O. Walker, Plolland Addison, R. E. Hamberlin and J. D. Carruth were commissioned aldermen of the Town of Greensburg by the Governor of Louisiana in 1947 and the defendant W. H. Holland was commissioned Mayor of the Town of Greensburg by the Governor of Louisiana in 1952.
On August 21, 1956, the defendants together with one Collins Carter called an election to be held on Tuesday, September 25, 1956, in the Town of Greensburg for the purpose of electing a Mayor and five Aldermqp as provided for by Section 2 of Act 103 of 1869 (being the amended charter of the Town of Greensburg,) and pertinent election laws of the State of Louisiana. (There were two attempts to call an election, one in 1956 and one in 1957. We refer here to the first).
*334 On August 22, 1956, three of the plaintiffs herein, namely Joe Redmond, Collins Carter and Tom Lindsey were issued commissions by the present Governor of Louisiana as Aldermen of the Town of Greens-burg and on the same date, commissions were issued to Willie T. Allen, Oscar Williams and Frank Smith by the Governor. The commissions to Willie T. Allen and Oscar Williams being for members of the Board of Aldermen while the commission of Frank Smith was that of Mayor of the Town of Greensburg.
On August 31, 1956 the said Frank Smith, Tom Lindsey, Willie T. Allen, Joe Redmond and Collins Carter filed an action for a writ of quo warranto against the defendants herein directing them to state by what authority they exercised the office of Mayor and Board of Aldermen of the Town of Greensburg, State of Louisiana. On September 10, 1956, appearing in proper person Frank Smith, Willie T. Allen and Oscar Williams filed motions withdrawing as party plaintiffs and resigned their commissions. On September 7, 1956, the Governor issued a commission of Mayor to the Town of Greensburg to Winfred Lindsey and on September 10, 1956, he issued commissions as members of the Board of Aider-men to Cathline Cole and Stanley B. Lawson. On September 11, 1956, a supplemental and amended petition was filed in the suit of Frank Smith et al. vs. No. 1892, W. H. Holland, et al. in which it was prayed that Winfred Lindsey be substituted as party plaintiff in the place of Frank Smith and that Stanley B. Lawson and Mrs. Cathline Cole be substituted as party plaintiffs in the place of Willie T. Allen and Oscar Williams. The writ of quo warranto was tried on September 14, 1956, submitted, and on September 18, 1956, the matter was taken up in the Parish of Tangipahoa, pursuant to agreement of counsel and the Court for written reasons assigned, rendered a judgment in favor of the plaintiffs and against the defendants, decreeing the plaintiffs to be the Mayor and Board of Aldermen of the Town of Greensburg.
Counsel for the defendants took an order of appeal to the Court of Appeal, First Circuit, Louisiana, which said order of appeal was overruled by the Judge who determined that the appeal be taken to the Supreme Court.
The Supreme Court on January 6, 1958, ordered the appeal transferred to the First Circuit Court of Appeal, wherein the appeal is now lodged. We are dismissing the quo warranto suit by separate judgment this day as moot,
A separate suit was filed on September 18, 1956, the same plaintiffs and the plaintiffs herein filed a suit seeking an injunction enjoining the defendants herein from holding the election which had been called for Tuesday, September 25, 1956. At the trial the matter was tried on the merits and a decision was rendered in favor of the plaintiffs, the appellees herein and against defendants, the appellants herein, granting a permanent injunction and enjoining them from holding the election called for September 25, 1956, or on any future date until the quo warranto suit was decided on appeal.
Defendants took an order of appeal from this decision to the Court of Appeal, First Circuit, State of Louisiana, both Suspen-sive and Devolutive and although this matter had been tried on the merits and final judgment rendered, the tidal court refused to grant a suspensive appeal and only granted an order of devolutive appeal, and on appeal this Court rendered a decision reported in 95 So.2d 754 holding that while the question of the election was moot neither the District Court nor this Court had the power to restrain such future elections. The Court further held that under the Charter of the Town of Greensburg the municipal officers, whether they be legal officers duly appointed or the de facto officers, retaining governing powers under their expired commissions by virtue of a suspensive appeal, might be under the same duty to call an election.
*335 The appellants acting under the authority of their amended legislative charter and in line with the decree of this Court, met in a special public meeting at their domicile, the City Hall of the Town of Greensburg, on September 23, 1957, and called an election (the second election attempted) to be held on November 5, 1957, and the candidates to fill the municipal offices were to qualify under the provisions of LSA-R.S. 18:432 by not later than S :00 p. m., October 11, 1957, with the Secretary of State, Baton Rouge, Louisiana. Nominating petitions were filed by the appellants herein together with Philip Ancil Hanks with the Secretary of State within the time limit specified. There were no opposition candidates who filed for the respective offices as can be seen by the Certificate of the Secretary of State of the State of Louisiana, a photostatic copy of said certificate being a part of the record.
On October 28, 1957, one month after the notice of the call of the election appeared in the Official Journal, the plaintiffs-appel-lees herein filed a suit in which they sought to enjoin the election. The rule was assigned and tried and the trial judge rendered a judgment making the rule absolute. In order to avoid a repetition of the situation which occurred on the occasion of the judgment of the same Trial Court refusing a Suspensive Appeal from a permanent injunction enjoining the election of September 25, 1956, in order to obtain a suspensive appeal herein, defendants-appellants agreed on appeal that this suit could be considered by this Court as a test of the validity of the election and stipulated that plaintiffs-appel-lees were reserved the right to attack the validity of the election under their prayer for general and equitable relief, and that this decree on the appeal shall determine the rights of the parties in the said election.
On the appointed date the election was held, and over fifty-three per cent of the total registered votes were cast for the defendants-appellants who were the sole candidates for the respective offices. The results of the election were certified to the Secretary of State and that Office immediately forwarded the commissions to the Governor.
The sole questions with which the Court is confronted on this appeal are as follows:
(1) Whether or not there is any proof in the record that the plaintiffs-appellees suffered any injury, irreparable or otherwise, as a result of the election and the proceedings, particularly the special meeting of the Town Council for the purpose of calling an election, which would justify the Trial Court making the rule absolute.
(2) Whether or not the Trial Judge was correct in her ruling that the Town of Greensburg is subject to the Lawrason Act insofar as the restrictions contained in said Act with respect to calling special meetings of its council.
(3) Whether or not there were any alleged and proved irregularities gross enough to warrant invalidating the election.
(1) Concerning the first issue, nothing is contained in the pleadings nor is there any proof suggestive of any loss or injury to the plaintiffs-appellees resulting from the calling and holding of this election. The law is clear that in the absence of such allegations and proof, the rule should have been dismissed summarily. We note that at the trial of the case only two of the plaintiffs took the stand, namely, Winfred Lindsey and Cathline Cole, and both of these witnesses testified under cross-examination that they knew of the calling of the election and that their failure to qualify as candidates was of their own violation. There is no evidence in the record nor did the plaintiffs testify to the effect that the result of the election would have been affected by the alleged irregularities. Despite this fact, the trial court on the rule for preliminary injunction declared the election a nullity and based its holding on that fact rather than on the question of irreparable injury, the existence of which irreparable injury was not discussed in the *336 trial judge’s reasons for judgment. We believe the trial judge erred in making the rule absolute because there is no evidence in the record to justify an injunction issuing herein. ■
(2) With respect to the second issue the plaintiffs in their petition alleged that the meeting held on September 23, 1957 did not comply with the law and particularly with the provisions of Acts 232 of 1860 and Act 103 of 1869, being the original and amended Charters of the Town of Greens-burg. In paragraphs 9 and 10 of the petition, plaintiffs-appellees set forth certain provisions contained in the Lawrason sAct and more particularly those contained in LSA-R.S. 33:405 concerning special meetings which were allegedly not complied with in the call and holding of the special election. The trial judge interpreted the Lawrason Act as forming the principal basis for the Court’s opinion in this case. There is nothing contained in the original charter and the amended charter of the Town of Greensburg which prohibits the calling of a special meeting of the council nor is there anything contained therein which specifies the particular method of calling such a special meeting. Accordingly, there is no proof in the record which establishes any violation of the Legislative charter. Mr. Holland testified that the method of giving notice of this special meeting by notification of the various members of the council, regular mail was the usual and customary method and conformed to the manner in which the council was advised of the holding of previous special meetings and that it was not customary 'to specify in the notice the purpose for which the meeting was called. He further testified that it would be impossible for him to say whether there was a resolution or ordinance providing for the method of holding-special meetings by the mayor and council of the Town of Greensburg. There being no ordinance, resolution or minutes in the record allegedly violated by this special meeting call and there being no showing that such is the case, we are giving great weight to Mr. Holland’s testimony that this was the usual and customary way of calling and convening a special meeting which was not inconsistent with law.
The Town of Greensburg is governed by Acts 232 of 1860 and 103 of 1869, the original Charter and the amendment thereof, and has never elected to come under the provisions of the Lawrason Act. That is admitted by all parties concerned as found by the trial judge. However, the trial judge applied the restrictions contained in the Lawrason Act dealing with the formalities for the calling of a special meeting as set forth in LSA-R.S. 33 :405. We find that these restrictions do not control Greensburg. LSA-R.S. 33:321 reads in part as follows:
“Except as provided in the preceding paragraph, the provisions of this Part shall not apply to a municipality incorporated prior to July 29, 1898, until its acceptance thereof as provided in R.S. 33:322. Until such acceptance, its corporate rights, powers, and franchise shall remain unaffected by the provisions of this Part.
“The provisions of this Part shall not apply to a municipality which is governed by a special legislative charter, or which is governed by Part II or by Part III of this Chapter.”
We have no difficulty in concluding that by the very terms of the act itself, the Town of Greensburg, having been created by legislative enactments antedating the adoption of the Lawrason Act, and having never chosen to come under its terms, the Lawrason Act has no application to Greens-burg. The Louisiana jurisprudence is uniform in holding that a Town governed by special legislative charter, antedating the Lawrason Act, is not amenable to said act unless a majority of the electors places the municipality under the operation of said act. See Town of Abbeville v. Police Jury of Vermillion Parish, 207 La. 779, 22 So.2d 62; Town of Farmerville v. Commercial Credit Co., 173 La. 43, 136 So. 82, 76 A.L.R. *337 686; Town of St. Martinville v. Dugas, 158 La. 262, 103 So. 761. In the last cited case the Court refused to require the Town to comply with the requirement of the Lawra-son Act that town ordinances contain only one subject. See also Wachsen v. Commission Council of Lake Charles, 162 La. 823, 111 So. 177.
The trial court’s decision in holding the Lawrason Act applicable herein was based upon its interpretation of Browne v. Town of Providence, 114 La. 631, 38 So. 478. An examination of this case shows that the court was dealing with a specific grant of power to a municipality not covered by the Lawrason Act to extend its corporate limits under the provisions of the Act and the word restriction is not used in the decision.
 (3) We fail to find any irregularities in this record to warrant invalidating the election. Even though there would be some defect or noncompliance with the formalities with respect to calling this election, we could not set the same aside. The mere failure to perform a ministerial duty on the part of election officials does not warrant upsetting the certified outcome-thereof. See Duncan v. Vernon Parish School Board, 226 La. 379, 76 So.2d 403.
This court in the case of Newson v. Temple, La.App., 66 So.2d 357 refused to disturb the judgment of the trial court in dismissing a suit seeking to nullify the election of a school hoard member on the ground that the defendant who was elected did not meet residence qualifications. In support of that decision, the Court quoted from Courtney v. Singleton, La.App., 27 So.2d 448, at page 452 as follows:
“As has been said before, Courts are loathe to thwart the result of an election after the votes have been cast and fairly counted and will not act to change that result except for grave and sufficient reasons, clearly and amply supported by law.”
For the above and foregoing reasons, the judgment of the District Court herein is hereby reversed; the injunction dissolved, the election sought to be enjoined is hereby declared to be valid and the defendants-appellants are hereby decreed respectively to be the duly elected mayor and aldermen of the Town of Greensburg, Louisiana, at plaintiffs’ costs in both counts.
Reversed.