Dear Mr. Joseph:
We are in receipt of your request for our office to review documents regarding the amendment to the special legislative charter for the City of New Iberia, and to advise your office as to whether the Governor should approve the amendment.
 FACTS AND APPLICABLE LAW
The City of New Iberia has presented the following documentation to the Governor's office:
 1. A certified copy of Ordinance Number 515-96, adopted by the city council on December 3, 1996 by a vote of 4 yeas to 3 nays.
 2. An Affidavit of Publication of the introduction of the ordinance and notice of public meetings, published in the Daily Iberian, at New Iberia, Louisiana, on November 25, 1996.
 3. An Affidavit of Publication of the adoption of the ordinance in the Daily Iberian, at New Iberia, Louisiana, on December 6, 1996, December 9, 1996 and December 16, 1996.
 3. A statement from the Mayor that there were no protests against the proposed charter amendment received within thirty (30) days of publication.
The amendment to the charter provides for an increase in the mayor's compensation, the mayor pro tempore's compensation and the trustees' compensation, as follows:
 (f) As of January 1, 1997, the mayor's compensation shall be five thousand dollars ($5,000) per month, the mayor pro tempore's compensation shall be eight hundred dollars ($800.00) per month, and each trustee's compensation shall be seven hundred dollars ($700.00) per month. Automobile expense allowances shall not change.
The proposed charter amendment further provides that the ordinance shall be published and submitted for approval pursuant to LSA-R.S. 33:1181. R.S. 33:1181 provides for the amendment of a local government charter as follows:
§ 1181. Preparation, publication, approval and recording of amendments
 When a municipality existing prior to July 29, 1898, and having a population of two hundred thousand or less, which has not come under the provisions of Part I of Chapter 2 of this Title, desires to amend its charter, the same may be done in this way: The municipal governing body may prepare, in writing, the desired amendments, have the same published for three weeks in a newspaper published in the municipality, if there be one, and, if none, then by posting for said time in at least three public places therein; the proposed amendments shall then be submitted to the governor, who shall submit them to the Attorney General for his opinion. If the Attorney General is of the opinion that the proposed amendments are consistent with the constitution and laws of the United States and of this state, including Part I of Chapter 2 of this Title, the Governor shall approve the proposed amendments. If, within thirty days after publication, one-tenth of the electors of the municipality protest against any proposed amendment, the Governor shall not approve the amendment protested against until it is submitted to and ratified by a majority of the electors of the municipality at an election held within sixty days after the protest has been made.
 Amendments, when approved by the Governor, shall be recorded at the expense of the municipality, in the office of the Secretary of State and upon the records of the municipal governing body, and, when so recorded, shall have the force and effect of law. (Emphasis added.)
 OUR PAST OPINIONS
We have in the past opined that in general the Lawrason Act does not apply to a municipality governed by a special legislative charter and have specifically approved past amendments to special legislative charter governments, similar if not identical to the matter at hand, which do not comply with the provisions of the Lawrason Act. (Atty.Gen.Op. No. 87-452 and 94-412) We understand that municipalities have relied on our opinions and continue to rely on them today in drafting amendments to their charters, just as was done in the matter at hand. We regret therefore to recall our earlier opinions and give an opinion herein which at first glance will seem like an about face, but with much research and careful consideration to the subject matter, we believe this opinion to be an accurate and precise interpretation of the law.
In Attorney General Opinion No. 87-452, our office opined that "The City of St. Martinville is governed by a Legislative or Special Charter. Therefore the Lawrason Act provisions (LSA-R.S.33:321-481) are not applicable to any proposed amendments to the city charter." While this general statement is correct, it is not an accurate and precise interpretation of the law as it does not address the language in R.S. 33:1181. Additionally, Attorney General Opinion No. 94-412 opined that the City of St. Martinville complied with R.S. 33:1181. While this general statement is correct, as the city complied with the procedures listed in R.S. 33:1181, our opinion is incorrect insofar as it concludes that the St. Martinville charter amendment was not in conflict with any provision of federal or state law. After careful consideration of the issues in this opinion request, we hereby repeal our prior opinions, Attorney General Opinion No. 87-452 and No. 94-412.
 LEGAL ANALYSIS
There a two ways a special legislative charter may be unended. First, the Louisiana Constitution provides for amendment, modification or the repeal of a special legislative charter by local or special law, i.e. an act of the legislature or local ordinance. (LSA-Const. Art. VI, § 2 (1974)). Second, Louisiana Revised Statutes 33:1181 provide for amendment of a special legislative charter as described above. The governing authority of the City of New Iberia choose to amend its charter in accordance with R.S. 33:1181, and therefore, is bound by said law, i.e. for the amendment to be consistent with the Lawrason Act. The alternative for a special legislative charter form of government in avoiding this requirement of law is by way of legislative amendment.
The Louisiana jurisprudence is clear on the issue of whether a town governed by special legislative charter, antedating the Lawrason Act, is amenable to said act. The answer is no, unless a majority of the electors places the municipality under the operation of the Lawrason Act. See, Lindsey v. Holland,105 So.2d 332, 336-337, and the cases cited therein. These cases are distinguishable as they focus on restrictions in the Lawrason Act as not applicable to special legislative charter governments, but the question herein is focused on whether R.S. 33:1181 applies to special legislative charter governments, which requires conformity with the Lawrason Act? We feel certain it does. In the case of Charter Commissionof the City of Alexandria v. Karst, 272 So.2d 348 (La. 1973), the Supreme Court of Louisiana acknowledged the Legislature's constitutional power to amend, modify or repeal by local or special law the charters of municipalities operating under special legislative charters. (LSA-Const. Art. 14, § 40(a)(1921), now LSA-Const. Art. VI, § 2 (1974)). Additionally, the Court has held that a municipality incorporated by special legislative act and whose charter has been specially amended under the Lawrason Act, i.e. Sec. 43 of Act 136 of 1898, now R.S. 33:1181, is incorporated under the special act and does not come within the provisions of the Lawrason Act. See, Wachsenv. Commission Council of Lake Charles, 162 La. 823, 111 So. 177
(La. 1926).
Another way of analyzing this matter is by simply looking at the law on municipalities and parishes. Title 33 of the Louisiana Revised Statutes is divided into chapters, parts and subparts. Local government law is contained in Chapter 2, Parts 1-12. The Lawrason Act is found in Part 1 of Chapter 2 and is composed of Sections 321 through 481. The law at issue, R.S. 33:1181, is found in Part 4 of Chapter 2, titled "Amendment of Charter". It is separate and independent of the Lawrason Act, and in our opinion applies to all municipalities existing prior to July 29, 1898 with a population of 200,000 or less which are not a Lawrason Act municipality (the statute clearly states this in its opening sentence). "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." LSA-C.C. art. 9. The writer does not find that the application of R.S. 33:1181 would lead to an absurd consequence.
 CONCLUSION
The amendment to the charter, increasing the compensation of the mayor and the board of trustees, was adopted on December 3, 1996. The term of office for the board of trustees who adopted the amendment ended on December 31, 1996, and therefore, the increase in compensation was made within the last six months of the board of trustees' term of office to be effective for the next succeeding term of January 1, 1997. Since the governing authority choose to amend the special legislative charter in accordance with R.S. 33:1181, rather than seek amendment by an act of the legislature, the governing authority is required to comply with the Lawrason Act. Accordingly, it is our opinion that although the proposed amendment is consistent with the constitution, portions of the amendment are not consistent with the general laws of this state, namely the Lawrason Act.
The Lawrason Act, R.S. 33:404.1, provides for the compensation of municipal officers, as follows:
 The board of aldermen shall by ordinance fix the compensation of the mayor, aldermen, clerk, chief of police, and all other municipal officers. The board of aldermen shall also by ordinance have the authority to increase or decrease the compensation of any nonelected municipal officer and to increase the compensation of elected officials except as otherwise provided by R.S. 33:405(G). However, the board of aldermen shall not reduce the compensation of the mayor or any elected official during the term for which he is elected. (Emphasis added).
LSA-R.S. 33:405(G) provides:
 G. Aldermen shall receive compensation as established by ordinance and may increase their compensation from time to time, but any increase in compensation shall not become effective during the term of office in which the increase is approved, and no increase in compensation made within the last six months of the term of office for aldermen shall be effective for the next succeeding term. (Emphasis added).
Being more specific, the increase of the compensation of the mayor to be effective at the beginning of this new term (1/1/97) is in accordance with general law, but the increase of the compensation of the board of trustees is in conflict with the provisions of the Lawrason Act which provide for the compensation of municipal officers, insofar as the effective date of January 1, 1997. The next question, therefore, is whether the proposed amendment is severable.
Louisiana jurisprudence recognizes that the unconstitutionality of a portion of statute does not necessarily invalidate the whole, particularly where there is a severability clause. It is equally well settled that such rule applies only when the unconstitutional part is independent of and separable from the rest. The governing authority of the City of New Iberia, in its proposed charter amendment, provided in Section 3, "All charter provisions or ordinances, or parts thereof, in conflict herewith are hereby repealed." This is not a severability clause, but a repealing clause of conflicting charter provisions. However, even though the governing authority did not include a specific severability clause in the ordinance in question, we agree with the analysis in The Law of Municipal Corporations, McQuillin Mun Corp § 20.65 (3rd Ed), which states that severability is applicable whether or not an ordinance provides for a severability or savings clause when "the remaining parts of an ordinance can be preserved after the invalid parts have been severed if there remains an intelligible and valid ordinance capable of being placed in execution and conforming to the general purpose and intent of the enacting body. It is our opinion that since the proposed amendment in the ordinance can be severed so that it can serve as a meaningful piece of legislation, we should honor those portions of the ordinance enacted by the governing authority which are consistent with the constitution and laws of this state.
In conclusion, we advise the governor to approve the proposed amendment, Ordinance No. 515-96, to the special legislative charter for the City of New Iberia as follows: (1) proposed amendment to increase the mayor's compensation effective January 1, 1997 should be approved; (2) proposed amendment to increase the board of trustees' compensation should be approved insofar as it does not become effective January 1, 1997 or during this new term of office, but becomes effective in the next succeeding term of January 1, 2001. In other words, we are of the opinion that the effective date of January 1, 1997 can be severed from the ordinance, insofar as it applies to the compensation of the board of trustees. Again, we regret any confusion and problems the reliance on our earlier opinions caused the City of New Iberia in drafting and proposing the amendment to their charter, and if we can be of further assistance in this matter, please do not hesitate to contact our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL/cwr arl/opinion/opins.97\97-42.wpd