Dear Mayor Fontenot:
Your request for an opinion of the Attorney General regarding your authority to limit access to work areas at City facilities has been forwarded to me for response. Along with your request, you have attached an opinion of your City Attorney dated January 25, 2002, Section 6 through 27 of the New Iberia City Charter, and Attorney General Opinion No. 79-358 (dealing with the duties and powers of the Board of Trustees for the City of New Iberia).
As recognized in Attorney General Opinion No. 79-358, the City of New Iberia has chosen the Home Rule Charter form of government rather than the provisions of the Lawrason Act (found at LSA R.S. 33:321 et seq.). As such, Attorney General Opinion No. 79-358 correctly recognized that questions regarding the Trustee's authority (or, as here the Mayor's authority) are properly resolved by consulting the City Charter.
The City Charter, Section 14, details the powers and duties of the Mayor. Some powers are granted exclusively to the Mayor, while other powers are limited by language such as "shall be subject to the approval of the board", or "subject to applicable state law, ordinances, and civil service rules and regulations." Two relevant provisions grant authority to the Mayor with no restrictions:
 1) Paragraph One appoints the Mayor ex officio head of the police, fire, street, and health departments.
 2) Paragraph Four names the Mayor chief executive officer of the City.
Section 16 enumerates the powers and duties of Mayor and Trustees. This section contains eighteen paragraphs spanning approximately two letter-size pages. It does not contain any grant of authority for a Trustee to exercise the executive branch authority conferred to the Mayor elsewhere in the Charter, nor does it contain authority for the Board of Trustees to authorize actions taken by the Mayor pursuant to the Mayor's powers and duties enumerated in Section 14.
Section 15 of the City Charter provides: "The mayor and board of trustees shall exercise all powers and duties conferred by law and the charter. In addition, they shall exercise all powers and perform such duties as may be prescribed by ordinance and not in conflict or inconsistent with the charter or law."
Thus, it is the opinion of this office that the City Charter of New Iberia grants the Mayor exclusive authority over day-to-day operations of the city departments, buildings, and property. Thus, the Mayor may exercise discretion to restrict access to work areas in the interests of safety, privacy of employees, city employee efficiency, or otherwise.
I trust that this addresses your inquiries. Please feel free to contact this office in the future should you require further assistance or information.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ______________________________ THOMAS L. ENRIGHT, JR. Assistant Attorney General
RPI/TLE;dsc
Enclosure
OPINION NUMBER 79-358
April 27, 1979
71 — MUNICIPALITIES 77 — OFFICERS — LOCAL MUNICIPAL, ET R.S. 33:321
1. The duties and powers of the Board of Trustees for the city of New Iberia are contained in the city charter.
2. The duties and powers enumerated in the charter are to be performed by the Board acting as a collective body.
3. The primary duty of the Board is to legislate.
4. The primary duty of the mayor is to insure the faithful execution of the laws.
Honorable Lester Dauterive, Sr. Councilman, District 5 City of New Iberia 524 Hacker Street City of New Iberia, LA 70560
Dear Mr. Dauterive:
In your letter you request our opinion relative to the following questions:
 (1) What are the duties and powers of a "Councilman" for the City of New Iberia acting individually and/or as a collective body?
(2) Who is considered a superior of a "Councilman"?
 (3) What powers, if any, does a City Councilman exercise over any departments of the City?
Preliminarily we note that the City of New Iberia was incorporated in 1839 pursuant to the grant of a special legislative charter. See acts 1839, No. 16. Our research indicates that the electors of your city have not elected to be governed by the Lawrason Act. Thus the statutory provisions of this act do not apply to the City of New Iberia. See Lindseyv. Holland, 105 So.2d 332 (1958), LSA-R.S. 33:321 and opinion of the Attorney General dated September 25, 1973 to Mr. James M. Dozier, Jr. Therefore, it is the opinion of this office that the answers to your questions are contained in the Charter of the City of New Iberia.
In answer to your first question, the governing body for the City of New Iberia consists of the Mayor and the Board of Trustees. The duties and powers of the Mayor and Board of Trustees are specifically enumerated in section 16 of the Charter. Section 16 entitled "Powers and Duties of Mayor and Trustees Enumerated" provides as follows:
 "The mayor and board of trustees shall have full power to adopt all ordinances that they may deem proper and consistent with the constitution and laws of the State of Louisiana: . . ."
This section gives the Mayor and Board the power to enact legislation to regulate and preserve the peace and good order of the city; to build public roads and construction; to exercise eminent domain; to maintain public utilities services and rate; to provide for sewerage; to levy and collect taxes; to clean the banks of the river; to protect public peace on water craft; to regulate and protect produce; to regulate and proscribe limits for alcoholic beverages and gambling houses; to regulate and suppress prostitution and other disorderly practices; to impose fines and penalties for breach of the by-laws and ordinances; to regulate weights and measures; to establish and maintain health, fire and police protection; and to pass laws relating to the good government of the city.
The general powers and duties of the Mayor and Board of Trustees are contained in Section 15. That section entitled "Powers of Mayor and Trustees" generally provides as follows:
 "The mayor and board of trustees shall exercise all powers and duties conferred by law and the charter. In addition, they shall exercise all powers and perform such duties as may be prescribed by ordinance and not in conflict or inconsistent with the charter or law."
Furthermore, Section 6 provides that the Mayor and Board shall perform all the duties of the Board of Supervisors as prescribed in the General Election Law. Section 18 allows the Mayor and Board to act as the Board of Health for the city. Section 19 gives the Mayor and Board the power to establish and maintain a police and fire department. Section 20 gives the Mayor and Board the power to establish playground and recreational centers. Section 22 gives the Mayor and Board the power to authorize, by ordinance the appointment of city employees, prescribe their duties and fix their compensation.
These provisions of the Charter clearly indicate that an individual member of the Board of Trustees has no power to transact any official business for the city. In fact Section 27 provides that the Mayor and one-half of the members of the Board of Trustees constitutes a quorum for the transaction of business. Therefore it is the opinion of this office that the powers and duties enumerated in the Charter are to be performed by the members of the Board acting as a collective body.
The answers to your second and third questions are contained in Section 14 and the previously cited sections of the Charter. Pursuant to Section 14 of the Charter the Mayor is the president of the Board of Trustees and has the authority to preside at all meetings. As president of the Board he can only vote in case of a tie. However he can veto any ordinance or law adopted by the Board. Further, he is the Chief Executive officer of the city and as such charged with the duty of insuring the execution of the laws. He is also the ex officio head of the police, fire, street and health departments.
As Mayor, he has direct supervisory authority over these departments. Individual board members do not exercise any authority over the various departments of the city.
In conclusion, it is the opinion of this office that while the Board is empowered with the authority to legislate, the Mayor, has been entrusted with the responsibility of insuring that the laws and ordinances of the city are faithfully executed.
If we can be of further assistance, please do not hesitate to call on us.
Very truly yours,
 WILLIAM J. GUSTE, JR. ATTORNEY GENERAL STATE OF LOUISIANA
 BY: ___________________________ LOIS C. DAVIS Assistant Attorney General
LCD:dkc